**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____
                                                            )
**In Re: John C. Szumowski**                       )
                                                            )    **Case No.: 10-12431**
                                     **Debtor(s)**     )    **Chapter 13**
**Address:**    **2484 Ridge Road**               )
                    **Scotia, NY 12302**              )
                                                            )
_____)

### DEBTOR'S RESPONSE TO OBJECTION TO CONFIRMATION
### AND
### OBJECTION BY DEBTOR TO PROOF OF CLAIM #2

John C. Szumowski, ("Debtor"), by his attorney, Ronald J. Kim, respectfully submits his Response to Objection to Confirmation filed by BAC Home Loans Servicing, LP ("BAC") and Objection to Proof of Claim #2, on the grounds that BAC has failed to prove that it has standing pursuant to Bankruptcy Rule 7017 to file the proof of claim. Moreover, the lack of disclosure by BAC and its attorneys raises issues of fraud on the Court and the Debtor. Accordingly, the Debtor requests that this Court:
- expunge Claim #2 in full;
- confirm the debtor's plan and deny the instant objection to confirmation by BAC;
- issue sanctions against BAC and its attorneys for fraud on the Court;  and
- award Debtor's counsel fees and disbursements for the prosecution of this matter.

### RELEVANT FACTS

1. On or about June 29, 2010,. the Debtor filed a petition for Chapter 13 bankruptcy relief.

2. The Debtor is owner of and resides at the real property known as 2484 Ridge Road, Scotia, NY  12302-6740.

3. On or about July 22, 2010, BAC filed a proof of claim which was signed by Randa R. Simmons, Esq., an attorney affiliated with the law offices of Steven J. Baum, P.C. ("Baum Firm.") See attached as Exhibit 1 a true and correct copy of  BAC Proof of Claim dated July 22, 2010 ("Claim #2").

4. Claim #2 is comprised of the following:
    a. Official Form B10 (1 Page): which names BAC as creditor.  Id. at 1.
    b. Detail of Debt (2 Pages): which purport to show an alleged pre-petition arrears of $39,196.78.  Id. at 2-3.
    c. A Note (3 Pages): dated September 9, 2004, naming Home Funding Finders, Inc. ("HFF"") as Lender. The Note includes an undated endorsement in blank by "Michelle Muzzi-Treasurer" There are no attached, permanently affixed alloges to this Note.  Id. at 4-6.

1

    d. Recording and Endorsement Cover Page (1 Page): dated November 11, 2004 from the Schenectady County Clerk's Office.  Id. at 7.

    e. A Mortgage (18 Pages): dated September 9, 2004, naming HFF as Lender and the Mortgage Electronic Registration System ("MERS") as a nominee for Lender.  Id. at 8-25.

    f. A Recording and Endorsement Cover Page (1 Page): dated July 15, 2008, from the Schenectady County Clerk's Office.  Id. at 26.

    g. An Assignment of Mortgage (1 Page): dated June 30, 2008, but not recorded with the Saratoga County Clerk's office until July 15, 2008.   The Assignment purports to assign the mortgage from MERS as nominee for HFF to the assignee: "Countywide Home Loans, Inc."  ("Countywide") by Elpiniki M. Bechakas ("Bechakas") as Assistant Secretary and Vice President of MERS.[1]  Id. at 27.

## BAC DOES NOT HAVE STANDING TO FILE CLAIM #4

5. Federal Rule of Bankruptcy Procedure 7017, which in turn incorporates Fed. R. Civ. P. 17, *requires that Claim #2 be filed by "…a real party in interest."*

6. HFF originated this mortgage loan and yet BAC has filed Claim #2.  Id. at 1.

7. There is no documentation provided in Claim #2 demonstrating a complete chain of title from HFF to BAC,  the undisputed filer of this claim.

8. BAC has submitted an assignment executed by Bechakas, as "Assistant Secretary and Vice President of MERS as nominee for HFF."    Id. at 27.

9. This mortgage assignment purports to assign the mortgage from HFF to "Countywide" but there is no evidence of an assignment from "Countywide"  to BAC.

*10.* For this reason alone, Claim #2 must be disallowed since it is clear that BAC has no standing to file it and thus is not the real party in interest.    *See In re Jacobson, 402 B.R. 359 (Bankr. W.D. Wash. 2009);  In re Hwang, 396 B. R. 757 (Bankr. C. D. Cal., 2008).*

11. Beyond this fatal lack of an assignment from "Countywide" to BAC, there is a genuine issue of material fact as to whether Bechakas' has the proper authority, and requisite knowledge to execute the one deficient assignment from HFF to Countywide.

12. A review of public records throughout New York State shows that Bechakas has "held" various offices with various banks, acting on behalf of MERS for a number of years.

13. Since 2007, Bechakas has executed mortgage assignments on behalf of at least 23 other banks and financial institutions, including:
    a. Alliance Mortgage Banking Corp.
    b. American Brokers Conduit

---

[1] . This assignment is NOT from HFF to "Countrywide Home Loans" rather it is from HFF to "Countywide Home Loans, Inc."

    c. American Home Mortgage
    d. American Home Mortgage Acceptance, Inc.
    e. American Mortgage Express Corporation
    f. Equity One Mortgage Corporation
    g. Fairfield Financial Mortgage Group, Inc.
    h. First Franklin
    i. First Niagara Corporation
    j. Fremont Investment and Loan
    k. Homestead Funding Corporation
    l. HSBC Mortgage Corporation
    m. HSBC Mortgage Corporation (USA)
    n. Lend America
    o. Mortgage Lenders Network USA
    p. New Century Mortgage Corporation
    q. NJ Lenders Corporation
    r. Premium Capital Funding, LLC DBA TopDot Mortgage
    s. Real Estate Mortgage Network, Inc.,
    t. Valley Bank
    u. Wall Street Bankers, LTD, DBA Power Express
    <u>See attached hereto as Exhibit 2 true and correct copies of twenty-three (23) separate mortgage assignments executed by Elpiniki Bechakas of various dates.</u>

14. Given this expansive list of financial institutions that Bechaskas is alleged to serve as "Vice President", there is at minimum a genuine issue of material fact as to whether she in fact retains all these positions simultaneously and also has the requisite knowledge and authority to execute the instant mortgage assignment. *See HSBC Bank, USA v. Yeasmin, 27 Misc 3d 1227 (Kings County Supreme Court, 2010)*

## AT LEAST TWO PRIOR COURTS HAVE HELD
## IN ALMOST IDENTICAL CIRCUMSTANCES, THAT
## THE INSTANT ASSIGNMENT BY BECHAKAS DEMONSTRATES
## A CONFLICT OF INTEREST OF THE BAUM FIRM
## AND THE NON-DISCLOSURE OF THESE HOLDINGS IS
## A FRAUD ON THE COURT

15. When faced with almost identical circumstances as the current case, two other Courts have made it clear that similar mortgage assignments by Bechaskas present a conflict of interest that may be tantamount to an ethical violation of the New York Code of Professional Conduct (hereinafter "NYCRR.")  Nevertheless, neither Bechakas nor the Baum Firm disclosed these facts in the instant proof of claim or in its companion objection to confirmation.  This abject failure by Bechakas and the Baum Firm, in the face of these judicial holdings, is an attempted fraud on this Court.

16. Bechakas, who signed the mortgage assignment purporting to be Assistant Secretary and Vice President of MERS as nominee for HFF is also an attorney at the Baum Firm, a fact

3

that was not and is not disclosed on Claim #2, nor in BAC's objection to confirmation.[2] See attached hereto as Exhibit 3 a true and correct copy of Attorney Detail of the New York State Unified Court Website: http://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId=5469839 and compare to Exhibit 1 at 27.

17. Instead of identifying her true identity, Bechakas, signs the Assignment as "Assistant Secretary and Vice President of MERS," and makes no reference to the Baum Firm. Id.

18. If this assignment is taken on its face as true, it clearly demonstrates a conflict of interest prohibited by 22 NYCRR §1200, Rule 1.7 . If Bechakas is an officer of MERS/HFF and at the same time a member of the Baum Firm, she is acting as the putative assignor (MERS/HFF) while at the same time the Baum Firm, to which she is a member, is representing the assignee and its agent (Countywide)

19. 22 NYCRR §1200, Rule 1.7 states that "…a lawyer shall not represent a client if a reasonable lawyer would conclude…the representation will involve the lawyer in representing differing interests…"

20. It is respectfully suggested that Bechakas' "dual" capacity as an assignor who also represents the assignee is a conflict of interest.

21. It is further respectfully urged by the Debtor that in light of the clear warnings to the Baum Firm in other judicial tribunals of this conflict of interest/lack of standing, and the Baum Firm's obvious and utter disregard of these warnings, the filing of Claim #2, without full and candid disclosure, is a blatant attempt at defrauding this Court and the Debtor.[3]

22. On or about June 3, 2010, in the matter, *In re Michaud, 09-14763,* the Baum Firm was initially warned of these problems by Judge Allan Gropper of the United States Bankruptcy Court, Southern District of New York, at the urging of the United States Trustee.

23. *Michaud* has identical facts to the case at bar except that the alleged creditor was Citibank and the issue of standing came up in the context of a motion to lift stay. See attached hereto as Exhibit 4 a true and correct copy of Objection of The United States Trustee to Motion of Citibank, N.A. to Vacate the Automatic Stay dated April 12, 2010.

24. The Baum Firm sought to lift the stay based on a mortgage assignment executed by Bechakas, despite the fact that her real identity was never disclosed in the motion papers and there was the same question, as here, of whether the movant had adequate standing. See attached hereto as Exhibit 5 a true and correct copy of Assignment of Mortgage from

---

[2] . Significantly, Bechakas' affiliation with the Baum Firm was also not revealed in any of the 23 mortgage assignments that she executed on behalf of 23 different financial institutions and attached hereto as Exhibit 2.

[3] . This court should also note at the same time that this objection is being filed, a companion objection with almost identical facts, including the total lack of notice that Bechakas is an attorney with the Baum Firm, is being filed in the matter: In re: Bevins, #10-12856.

4

<u>CitiMortgage, Inc. to Citibank, N.A. dated February 17, 2010 executed by Elpiniki M. Bechakas.</u>

25. In successfully urging Judge Gropper to deny the Motion to Lift Stay, the U.S. Trustee noted both the failure of the Baum firm to disclose Bechakas' employment and the standing problems this presented along with the obvious conflict of interest issues.  <u>Id.</u>

26. The U.S. Trustee stated that its opposition to the lift stay motion would remain unless the following three conditions were met:
    a. "Citibank, N.A. demonstrates that the Assignment between MERS and Citibank, N.A. was a valid assignment, providing Citibank, N.A. with the requisite standing to file the Motion;"
    b.  "the Baum Firm provides an adequate explanation as to why it did not disclose that Ms. Bechakas, who executed the Assignment, is at the same time an attorney at the Baum Firm;"
    c. "Citibank, N.A. describes the procedures for determining the accuracy of the amounts due as set forth in the Motion."  <u>Id. at 2.</u>

27. A second time that the Baum Firm was warned about the standing problems and the conflict of interest issues inherent in an assignment by its employee, attorney, Bechakas was in a state court foreclosure matter, *U.S. Bank, N.A. v. Emmanuel, 2010 NY Slip Op 508, (Kings County Supreme Court, May 11, 2010).*

28. In a scathing opinion, Judge Arthur Schack found that the plaintiff did not have standing to foreclose due to an ineffective assignment and *denied with prejudice* the foreclosure matter.   <u>See attached hereto as Exhibit 6 a true and correct copy slip opinion *U.S. Bank, N.A. v. Emmanuel, 2010 NY Slip Op 508, (Kings County Supreme Court, May 11, 2010)* at 2-4.</u>

29. As in the instant case, the assignment was executed by Bechakas. <u>Id. at 2</u>

*30.* In *Emmanuel*, Judge Schack found that the Baum Firm was representing both the assignor,  MERS,  and assignee U.S. Bank,  and concluded that this was a conflict of interest in violation of 22 NYCRR §1200.0.  <u>Id. at 4-5.</u>

*31.* Additionally, given identical facts to the instant case, Judge Schack found that the plaintiff lacked standing because at best the faulty assignment assigned the mortgage only and did not transfer the note: "…The instant...assignment…is a nullity, because MERS, as nominee for FREMONT, did not assign the note but only assigned said Mortgage…" <u>Id. at 3.</u>

*32.* The *Michaud* and *Emmanuel*  decisions irrefutably demonstrate that the Baum Firm was on notice that its pattern and practice of submitting mortgage assignments by Bechakas, an employee of the Baum firm, without disclosing her actual employment, was both a violation of 22 NYCRR §1200.00 and fatal to its claim of standing.

33. Accordingly, the Baum Firm's attempt to convince this Court that BAC has standing via an assignment executed by its employee, Bechakas, absent the *voluntary* disclosure of her dual identity, is a fraud on this Court and the Debtor. Moreover, pursuant to Bankruptcy Code §105(a), this Court has the inherent power, right and responsibility to sanction the Baum Firm's fraud.

WHEREFORE, for all the foregoing reasons, it is respectfully requested that:
  A. BACs Claim #2 be expunged in full;
  B. BAC's Objection to Confirmation be denied;
  C. That this Court issue sanctions against BAC and the Baum Firm for fraud on the Court;
  D. That counsel for Debtor be awarded attorney's fees and disbursements for bringing and prosecuting this objection; and
  E. For such other and further relief as this Court may deem just and proper.


Dated: Saratoga Springs, New York
        November 16, 2010

/s/Ronald J. Kim/s/_____
Ronald J. Kim, Esq.
*Attorney for Debtor(s)*
Bar Roll #511156
Law Offices of Ronald J. Kim
P.O. Box 318
Saratoga Springs, NY 12866
518-581-8416 Telephone
518-583-9059 Facsimile
Ron@RonaldKimLaw.com E-mail