**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------
                                                            )
**In Re: John C. Szumowski,**                               )
                                                            )   **Case No.: 10-12431**
            Debtor(s)                       )   **Chapter 13**
Address:    2484 Ridge Road                         )
            Schenectady, NY   12302-6740         )
--------------------------------------------------------------------)
                                                            )
**John C. Szumowski**                                       )
                                                            )
            **Plaintiff(s),**               )   **Adv. Case No.**
                                                            )
**-against-**                                               )
                                                            )
**Niagara Credit Solutions, Inc.**                          )
                                                            )
            **Defendant(s).**               )
                                                            )
--------------------------------------------------------------------

**COMPLAINT SEEKING DAMAGES FOR**
**UNFAIR TRADE PRACTICES**
**AND FAIR DEBT COLLECTION PRACTICES ACT**

    John C. Szumonwski, plaintiff and debtor herein, by and through attorney of record, Ronald J. Kim, Esq., alleges as follows:

### Introduction

1. This is an action for actual and punitive damages filed by the plaintiff/debtor pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA"), and New York General Business Law Section 349 (hereinafter referred to as "GBL").

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the debtor in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. This matter is primarily a non core proceeding and therefore the plaintiff/debtor consent to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

7. The plaintiff in this case was and is a debtor under Chapter 13 of Title 11 in the above-captioned case.

8. The plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. Section 1692(a)(3).

9. The defendant, Niagara Credit Solutions, Inc., ("Defendant") is on information and belief a New York State corporation partnership with a principal place of business located at 420 Lawrence Bell Drive, Suite 2, Williamsville, NY 14221-7820.

10. The defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692(a)(6), in that it regularly attempts to collect debts alleged to be due to another.

11. The debt that is the subject of this complaint qualifies as a "debt" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## Factual Allegations

12. The Chapter 13 case of the plaintiff was commenced by the filing of a voluntary petition with the Clerk of this Court on June 29, 2010.

13. The 341(a) meeting of creditors was held in Albany on November 16, 2010.

14. On July 27, 2010, the defendant sent the plaintiff a letter demanding payment of a debt for non-party Creditor, Bank of America.   See attached hereto as Exhibit "A" a true and correct copy of letter dated January 7, 2010 from Defendant to Plaintiff/Debtor (hereinafter "demand letter".)

15. The demand letter stated "Niagara Credit Solutions, Inc. has been authorized to accept a settlement in full on the above mentioned account.   Upon receipt and clearance of sufficient funds, this settlement will satisfy the debt in full, saving you a lot of money…"   Id.

16. The demand letter is misleading and deceptive in that it offers to settle a debt for less than the alleged balance due without informing the debtor that the Internal Revenue Code requires that if a creditor forgives all or part of a debt, the amount forgiven in excess of $600 must be reported by the creditor and reported by the debtor as income on the consumer's tax return.

17. Accordingly, the demand letter attempts to obtain the debtor's acceptance of a "discount" offer without notifying the debtor of the significant tax consequences of the "discount."

18. The demand letter was sent by the defendant intentionally and knowingly to deceive and mislead the debtor.

19. The debtor was in fact deceived and misled by the first demand letter.

## First Claim for Relief
### (New York Deceptive Business Practices Act)

20. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

21. The plaintiff is a "consumer" as that term is defined by GBL Section 349.

22. The defendant's demand letter is an unfair and deceptive business practice on a consumer which was and did deceive and mislead the plaintiff.

23. The defendant's unfair and deceptive business practice was a willful and knowing violation of GBL Section 349.

24. As a result thereof, the defendant is liable for actual and compensatory damages, and statutory damages in the sum of $50.00 per violation, along with attorney's fees and costs.

## Second Claim for Relief
### (Fair Debt Collection Practices Act)

25. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

26. The defendant's demand letter is a violation of the FDCPA.

27. By sending the demand letter offering a discount without notifying the debtor of the income tax ramifications, the defendant has violated 15 U.S.C. Section 1692e by utilizing a false, deceptive and misleading means to collect a debt.

28. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, and statutory damages of $1,000.00 for each violation, along with attorney's fees and costs.

### Third Claim for Relief
### (Fair Debt Collection Practices Act)

29. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

30. The defendant's demand letter is a violation of the FDCPA.

31. By sending the demand letter offering a discount without notifying the debtor of the income tax ramifications, the defendant has violated 15 U.S.C. Section 1692e(2) and misrepresented the legal status of the debt.

32. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, and statutory damages of $1,000.00 for each violation, along with attorney's fees and costs.

### Fourth Claim for Relief
### (Fair Debt Collection Practices Act)

33. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

34. The defendant's demand letter is a violation of the FDCPA.

35. By sending the demand letter offering a discount without notifying the debtor of the income tax ramifications, the defendant has violated 15 U.S.C. Section 1692e(10) and used a false representation and/or deceptive means to collect a debt.

36. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, and statutory damages of $1,000.00 for each violation, along with attorney's fees and costs.

### Fifth Claim for Relief
### (Fair Debt Collection Practices Act)

37. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

38. The Defendant's demand letter is a violation of the FDCPA.

39. By sending the demand letter offering a discount without notifying the debtor of the income tax ramifications, the defendant has violated 15 U.S.C. Section 1692f and used an unfair or unconscionable means to collect a debt.

40. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, and statutory damages of $1,000.00 for each violation, along with attorney's fees and costs.

>   **WHEREFORE,** the plaintiff having set forth his claims for relief against the defendant respectfully prays of the Court as follows:

A. Order the defendant to pay a sum to the plaintiff for actual and compensatory damages; including emotional distress and pain and suffering;

B. Order the defendant to pay a sum to the plaintiff for statutory damages;

C. Order the defendant to pay a sum to the plaintiff for statutory damages;

D. Order the defendant to pay all reasonable legal fees and expenses incurred by plaintiff's attorney;

E. Order the defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violation of New York GBL Section 349;

F. Order the defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

G. Order such other and further relief as the Court may deem just and proper.

Dated: December 20, 2010                 */s/Ronald J. Kim/s/*
                                         Ronald J. Kim, Esq.
                                         *Attorney for Plaintiff/Debtor*
                                         Bar Roll # 511156
                                         Law Offices of Ronald J. Kim
                                         PO BOX 318
                                         Saratoga Springs, NY 12866
                                         518-581-8416 Telephone
                                         518-583-9059 Facsimile
                                         Ron@RonaldKimLaw.com E-mail