```
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
(Albany Division)
---------------------------------------------------------- x
                                                           :
In re:                                                     :
                                                           :
                                                           :
        JOHN C. SZUMOWSKI                                  :   Case No. 10-12431 (REL)
                                                           :   Chapter 13
                                                           :
                                  Debtor.                  :
---------------------------------------------------------- x
```

### RESPONSE OF THE UNITED STATES TRUSTEE REGARDING DEBTOR'S OBJECTION TO PROOF OF CLAIM (#2) AND CREDITOR'S OBJECTION TO CONFIRMATION

TO HONORABLE ROBERT E. LITTLEFIELD, JR., UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for Region 2, submits this response concerning Debtor's objection to the proof of claim filed by BAC Home Loans Servicing, L.P. ("BAC") and BAC's objection to confirmation. In support of her response, the United States Trustee alleges as follows:

### SUMMARY OF U.S. TRUSTEE'S POSITION

BAC's proof of claim is based on a mortgage ("Mortgage") on real property located at 2484 Ridge Road, Scotia, NY 12302-6740 (the "Property"). The Property is owned by the debtor, John C. Szumowski ("Debtor"). The Debtor and his wife gave the Mortgage to Home Funding Finders, LLC ("HFF") on or about September 8, 2004 as collateral security for a Note in the principal amount of $125,000 ("Note").

The documents in the record do not demonstrate that BAC is a "creditor" of the debtor. The United States Trustee supports a finding that BAC has not established through adequate documentary proof that it has a claim against the debtor arising out of the Note.

**FACTS**

1. The Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on June 29, 2010. ECF Doc. # 1.

2. The Debtor listed Countrywide as a secured creditor on the original Schedule D. ECF Doc. # 1.

3. Thereafter, the Debtor amended Schedule D to designate the mortgage claim as disputed. ECF Doc. # 19.

4. On September 27, 2010, BAC filed a proof of claim for a secured claim and indicated the basis for the claim (box 2) "Mortgage & Note," and the basis of perfection (box 4) "Mortgage."

5. Attached to the proof of claim is an Assignment of Mortgage dated June 30, 2008 from MERS to Countrywide.[1]

**ARGUMENT**

I.    BAC Has Not Established That it is a Creditor

11 U.S.C. § 501(a) permits creditors to file proofs of claim. According to 11 U.S.C. § 101(10) a creditor is "an entity that has a claim against the debtor that arose at the time of or before the order of relief concerning the debtor." A claim is defined in 11 U.S.C. § 101(5) as "a right to payment...or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment."

With respect to BAC, there is no document in the record establishing that either the Note or the Mortgage were assigned to BAC. The assignment attached to the proof of claim shows a transfer of the right in the mortgage to Countrywide. There is nothing to indicate that the Note also was assigned. If BAC is not the holder of the Note, then there is no basis for the claim. As such, BAC

---

[1] The Assignment is signed by "Elpiniki M. Bechakas, as "Assistant Secretary and Vice President" of the Mortgage Electronic Registration Systems, Inc. ("MERS") on behalf of the original mortgagee. Reference is made to the Response of the United States Trustee filed even date herewith in Case. No. 10-12856, which on the issue of the MERS Assignment, is incorporated by reference herein.

is not a "creditor" of this Debtor as that term is defined in the Bankruptcy Code and lacks statutory authority to file a proof of claim.

## II.    Submission of Documents by the Baum Firm

In this bankruptcy case, the Baum Firm filed the BAC proof of claim. The proof of claim contains representations that BAC is a secured creditor by virtue of the Note and Mortgage. The same representations were made by the Baum Firm in the objection to confirmation. It appears that the attorneys filing the proof of claim and objection to confirmation did not take adequate steps to verify the truth or accuracy of their statements as required under Rule 9011.

The Baum Firm recently was sanctioned $5,000 for submitting pleadings with defects similar to the documents filed in this Court. Federal Home Loan Mtg. Corp. v. Raia, 29 Misc.3d 1226(A), 2010 WL 4750043, 2010 NY Slip Op. 52003(U) (Dist. Ct. Nassau Co. Nov. 23, 2010).[2] The court found that the Baum Firm had filed a petition containing "false statements (that) went directly to the heart of the matter of standing. Id. at *2. Thus, the court found that the representations in the pleadings were intended to mislead the court as to the petitioner's standing. The state court judge called the Baum Firm's actions "reprehensible,"

> petitioner's firm is highly versed in issues of standing as evidenced by the firm's abundance of litigation in this area. Specifically, Baum has recently faced numerous standing issues concerning assignment, for which its cases were dismissed. [*See Deutsche Bank Nat. Trust Co. v. McRae,* 27 Misc.3d 247, 894 N.Y.S.2d 720 (2010); *Citigroup Global Markets Realty Corp. v. Randolph,* 2009 N.Y. Slip Op. 52567(U) (2009); *HSBC Bank USA, Nat. Ass'n v. Miller,* 26 Misc.3d 407, 889 N.Y.S.2d 430 (2009).]

---

[2] The court also ordered the Baum Firm to pay the mortgagor's attorney's fees and costs in the amount of $14,532.50.

3

III.  Conclusion

The documents in the record before this Court speak for themselves.  To the extent that BAC has not established that it is a "creditor" within the meaning of the Bankruptcy Code, then BAC lacks standing to file a proof of claim or to object to confirmation.

To the extent the Court is inclined to consider sanctions against the law firm that filed the documents, the United States Trustee supports such an outcome in order to protect the integrity of the bankruptcy system.  The United States Trustee reserves her rights to bring such other and further actions against the creditor and the law firm in this case as may be appropriate.

WHEREFORE, for the reasons set forth herein, the United States Trustee supports a finding by this Court that the documents in the record do not establish that BAC is a creditor of the debtor, as such terms is defined in the Bankruptcy Code, and for such other and further relief as the Court deems just and proper.

Dated: Albany, New York
       December 6, 2010

                                          Respectfully Submitted,

                                          TRACY HOPE DAVIS
                                          UNITED STATES TRUSTEE
                                          FOR REGION 2


By:    /s/ Lisa M. Penpraze
        Lisa M. Penpraze, Assistant United
        States Trustee
        74 Chapel Street- Suite 200
        Albany, NY 12207
        (518) 434-4553