UNITED STATE BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In re:                                                    Chapter 13
                                                          Case No. 10-12431
        JOHN C. SZUMOWSKI,
                                                          Hon. Robert E. Littlefield
                Debtor.                                   U.S. Bankruptcy Judge

_____

## AFFIRMATION IN OPPOSITION TO OBJECTION TO CLAIM.

Natalie A. Grigg, Esq., an attorney duly admitted to practice before the United States Bankruptcy Court for the Northern District of New York, states the following under the penalty of perjury:

1.  I am an associate with Steven J. Baum, P.C., the attorneys for BAC Home Loan Servicing, LP f/k/a Countrywide Home Loan Servicing, LP (the "Secured Creditor"), a secured creditor of John C. Szumowski (the "Debtor"), and as such, am fully familiar with the facts and circumstances contained herein.

2.  This Affirmation is submitted to address the Response of the United States Trustee regarding the Debtor's Objection to the Proof of Claim.

3.  At the outset, the Court should be aware that the case cited by the United States Trustee, *Federal Home Loan Mtg. Corp. v. Raia,* 29 Misc.3d 1226(A), 2010 WL 4750043, 2010 NY Slip Op. 52003(U) (Dist. Ct. Nassau Co. November 23, 2010), is distinguishable as it was not a real property action, nor did it involve any issues regarding the Note, Mortgage, or Assignment in that case.  The case is also distinguishable because at present, there has been no finding by this Court that the documents submitted in support of the Proof of Claim are deficient or defective.  The Court should also be aware that the *Raia* decision is currently being appealed.

1

4.  The allegation that the Baum Firm did not take adequate steps to verify the truth or accuracy of the statements in the Proof of Claim and Objection to Confirmation fails in the face of the documentary evidence that has been submitted to the Court. BAC has provided a sworn affidavit that it is the holder of the Note, and the relationship between Countywide Home Loans, Inc. and BAC Home Loan Servicing, LP has been explained in the Secured Creditor's response to the Objection to Claim.

5.  The U.S. Trustee's request for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 is procedurally improper and unfounded at this time.

6.  Pursuant to Bankruptcy Rule 9011(c)(1)(A) and (B), sanctions may be imposed by the Court if (x) a request is initiated by a motion for sanctions filed and served separately from other motions and the alleged offending pleading is not withdrawn within 21 days after such service, or (y) upon the Court's own initiative by the issuance of an order to show cause.

7.  No separate motion for sanctions has been filed in this case, and there are no prior requests that would constitute a separately filed motion. Thus, the U.S. Trustee's pleading s are not sufficient to initiate a proceeding on sanctions. *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320 (2d Cir. 1995) (request for sanctions no appropriate where Plaintiff failed to file separate motion for sanctions); *In re Pennie & Edmond LLP*, 323 F.3d 86 (2d Cir. 2003) ("[w]here a sanction is initiated by a party's motion, this provision requires initial service of the emotion but delays filing or presentation of the motion to the court for 21; filing of the motion is permitted 21 days after service only if the challenged motion is not "withdrawn or appropriately corrected"); *In re Galgano III*, 358 B.R. 90 (Bankr. S.D.N.Y. 2007) ("The safe harbor provision in Rule 9011 is crucial because it gives a moving party an opportunity to avert sanctions by withdrawing a motion that lacks merit or an appropriate legal or factual basis.")

8.  Thus, the failure of the Debtor or the U.S. Trustee to comply with Bankruptcy Rule 9011 precludes any request for sanctions by such parties.

9.  Further, to the extent that sanctions may be imposed upon the Court's own initiative without affording the alleged offending party the opportunity to withdraw the pleading, the Court must find that the party acted in bad faith or with intent to deceive the court. *In re Pennie*, 323 F.3d at 90 ("We have previously held that when courts are acting either pursuant to their inherent powers or their statutory power to impose contempt sanctions upon attorneys while those attorneys are engaged in matters intended to further the interest of their clients, a finding of bad faith on the part of the attorney is essential to a finding of contempt....These cases provide strong support for the proposition that, when applying sanctions under Rule 11 for conduct that is 'akin to a contempt of court,' a bad faith standard should apply.") citing *Schlaifer Nance & Co., Inc. v. Estate of Andy Warhol*, 194 F.3d 323, 338 (2d Cir. 1999); *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 38 (2d Cir.1995); *Sakon v. Andreo*, 119 F.3d 109 (2d Cir. 1997). *See also, Centaur Shipping Ltd. v. Western Bulk Carriers KS*, 528 F. Supp.2d 197, 200 (sanctions proceedings initiated by the court are subject to "the heightened standard of 'subjective bad faith' established by the Second Circuit in *Pennie*.").

10. Sanctions under 9011 should not be imposed unless a pleading serves no legitimate purpose or an allegation is utterly lacking in support. *See e.g. In re Highgate Equities, Ltd.*, 279 F.3d 148 (2d Cir. 2002). In the present case, the Proof of Claim was filed for a legitimate purpose. BAC has a right to be paid under the terms of the Note and Mortgage as the holder of the Note. BAC has established its standing to file the claim by the Affidavit of Carolin Hoff that attests to BAC being in possession of the Note. Additionally, there has been no finding that the Proof of Claim is defective or otherwise deficient. Notably, the Debtor did not challenge the amounts asserted within the Proof

of Claim, but only BAC's standing to file said claim. BAC has refuted these allegations, thus establishing that the Proof of Claim is legitimate. Likewise, because BAC is the holder of the Note, under New York law, it has the right to enforce the Note, and therefore the claim would have been filed in good faith.

11. Any request to the Court for sanctions under § 105 of the Bankruptcy Code is also inappropriate. As stated in your affiant's Affirmation dated January 5, 2011, the Proof of Claim was at all times filed in good faith. Similar, the Second Circuit has set forth the limits of Section 105(a) that "the equitable powers emanating from § 105(a)...are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules." *In re Barbieri*, 1999 F.3d 616 (2d Cir. 1999). In *In re Westpoint Stevens, Inc.*, 333 B.R. 30, 54 (S.D.N.Y 2005), the court stated that "Section 105 does not provide bankruptcy courts with a roving writ, much less a free hand. The authority bestowed thereunder may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary to receive an identifiable right conferred elsewhere in the Bankruptcy Code."

12. As neither the substantive nor procedural elements of Rule 9011 have been satisfied, the Court should not use § 105 to circumvent that provision and impose sanctions.

WHEREFORE, the Secured Creditor respectfully requests an Order of this Court denying the Debtor's Objection to Claim in its entirety, together with such other and further relief as the Court deems just and equitable.

Dated: January 10, 2011
Buffalo, New York

_____
Natalie A. Grigg, Esq.

4