UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

In re:

JOHN C. SZUMOWSKI,

Debtor.

------------------------------------------------------------------------

<u>MEMORANDUM OF LAW SUBMITTED
ON BEHALF OF STEVEN J. BAUM, P.C.,
COUNSEL FOR BAC Home Loan Servicing</u>
Case No. 10-12431 (rel)

CONNORS & VILARDO, LLP
Attorneys for Steven J. Baum, P.C.
1000 Liberty Building
424 Main Street
Buffalo, New York   14202
(716) 852-5533

Vincent E. Doyle III, Esq.
  Of Counsel

## PRELIMINARY STATEMENT

In this Chapter 13 action, secured creditor BAC Home Loan Servicing, LP f/k/a Countrywide Home Loan Servicing, LP ("BAC") filed a proof of claim related to a note and mortgage executed by the debtor, John C. Szumowski, and secured by certain real property. The debtor objected to the claim, and counsel for all parties appeared before the Court on January 13, 2011. The Secured Creditor is represented in this matter by Steven J. Baum, P.C. (the "Baum firm"). Following that appearance, the Court allowed additional briefing to clarify certain issues raised by debtor's counsel in his request that sanctions be imposed on the Baum firm. Specifically, the Court expressed concern over the possibility of a conflict of interest because Elpiniki Bechakas, Esq., an employee of the Baum firm, executed the relevant assignment paperwork on behalf of MERS as nominee for the original lender and the Baum firm represents BAC in this action.

As explained below: (1) there is no conflict of interest arising from the execution of the assignment at issue by Ms. Bechakas, an employee of the Baum firm, and the Baum firm's representation of BAC; and, in any event (2) the Baum firm had valid consent from both MERS and the client.

I.    <u>THERE IS NO CONFLICT OF INTEREST</u>

Because, as previously explained to the Court, the Baum firm does not

represent MERS, which is not a party to this action, the Baum firm does not have a

conflict of interest in violation of any ethical rule.  When the assignment at issue

was executed on June 30, 2008, the ethical rules pertaining to attorneys in New

York were codified within the New York Code of Professional Responsibility, which

was in effect until it was replaced by the New York Rules of Professional Conduct

on April 1, 2009.  The Baum firm does not have a conflict of interest in violation of

former DR 5-105 (former 22 N.Y.C.R.R. § 1200.24), which was in effect on June 30,

2008, or the current rule addressing conflicts of interest, Rule 1.7.  The relevant

portions of former DR 5-105 provided that:

> A. A lawyer shall decline proffered employment if the exercise of
> independent professional judgment in behalf of a client will be or is
> likely to be adversely affected by the acceptance of the proffered
> employment, or if it would be likely to involve the lawyer in
> representing differing interests, except to the extent permitted under
> DR 5-105 [1200.24] (C).

> B. A lawyer shall not continue multiple employment if the exercise of
> independent professional judgment in behalf of a client will be or is
> likely to be adversely affected by the lawyer's representation of
> another client, or if it would be likely to involve the lawyer in
> representing differing interests, except to the extent permitted under
> DR 5-105 [1200.24] (C).

> C. In the situations covered by DR 5-105 [1200.24] (A) and (B), a
> lawyer may represent multiple clients if a disinterested lawyer would
> believe that the lawyer can competently represent the interest of each
> and if each consents to the representation after full disclosure of the
> implications of the simultaneous representation and the advantages
> and risks involved.

The current Rule 1.7, entitled "Conflict of interest: current clients," provides, in

pertinent part:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a
> client if a reasonable lawyer would conclude that either:
>
>> (1) the representation will involve the lawyer in representing
>> differing interests;
>>
>> . . .
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under
> paragraph (a), a lawyer may represent a client if:
>
>> (1) the lawyer reasonably believes that the lawyer will be able to
>> provide competent and diligent representation to each affected
>> client;
>>
>> (2) the representation is not prohibited by law;
>>
>> (3) the representation does not involve the assertion of a claim
>> by one client against another client represented by the lawyer in
>> the same litigation or other proceeding before a tribunal; and
>>
>> (4) each affected client gives informed consent, confirmed in
>> writing.

Both the former and current rule prohibit an attorney from undertaking a

representation if it will involve the attorney in representing differing interests.  See

DR 5-105(A); Rule 1.7(a)(1).  As an initial matter, there is no simultaneous

representation by Baum because, as already explained to the Court, Baum does not

represent MERS.

Additionally, there is no conflict of interest because the interests of MERS

are not adverse to the interests of BAC, the Baum firm's client in this matter.

Unlike a servicer, which may have an economic interest in the debt or be the actual

-3-

or constructive holder of the note, MERS has no legal or beneficial interest in the promissory note, and it does not become holder of the note for loans for which it serves as mortgagee. See NCLC Reports, Bankruptcy and Foreclosures Edition, vol. 23, at 10 (Nov./Dec. 2004). MERS likewise has no beneficial interest in the mortgage in its role as nominee for the holder. See id. This is evidenced by language included in the uniform MERS mortgage, which clearly discloses that MERS serves as the mortgagee and as nominee for the lender, its successors and assigns. In this role, MERS represents the interests of the MERS member-lender when the borrower executes and delivers the note and mortgage, as well as any other MERS members to whom the lender transfers the note. The fact that an attorney vested with signing authority executed the assignment to BAC's predecessor in interest does not suffice to create an interest in the assignment on behalf of MERS. Such a result would be contrary to the entire framework and purpose of MERS, which was established to streamline and expedite the process of mortgage transfers, not to complicate the system by investing MERS with interests in assignments that were not intended or anticipated.

If MERS did have an interest in the mortgage, however, it would undoubtedly be aligned with BAC in seeking to protect that interest in this matter. But, as previously stated, MERS has no interest, and thus there simply is not another interest that could create a conflict of interest for the Baum firm.

-4-

II.   <u>THERE IS VALID CONSENT</u>

Even assuming, arguendo, that there is simultaneous representation in this

matter, both the former DR 5-105 and current Rule 1.7 provide that an attorney

may undertake such representation if the attorney can competently represent the

interests of each client and if each client consents to the representation after full

disclosure.  See DR 5-105(C); Rule 1.7(b).

Here, both MERS and BAC were and are fully aware of the fact that

attorneys employed by the Baum firm have limited authority to execute documents

on behalf of MERS.  Indeed, the granting of this authority was part of a number of

steps taken to streamline the process for both MERS and various foreclosing

entities, such as BAC.  As such, both MERS and BAC were and are fully aware of

the implications of this arrangement, the advantages and risks involved, and have

fully consented to them.  Indeed, the written Agreement between MERS,

Countrywide Home Loans, Inc. -- BAC's predecessor in interest -- and the Baum

firm reflects the consent of all parties to this arrangement.See Exhibit C to the

Affirmation in Opposition to Objection to Claim of Natalie A. Grigg, Esq., dated

January 5, 2011.

Importantly, under DR 5-105(C), which was in effect on June 30, 2008 when

the assignment at issue was executed, the client's waiver of a conflict of interest

was <u>not</u> required to be in writing.  Compare DR 5-105(C) with Rule 1.7(b)(4); see

also Simon, Simon's New York Rules of Professional Conduct Annotated, at 104

(2009).

Thus, the present situation, which involved grant of signing authority by MERS to an attorney employed by the Baum firm for the very purpose of effectuating the type of assignment that is at issue in this case, stands in sharp contrast to those cases where an attorney represents adverse parties in an action. For example, in In re Rogoff, 31 A.D.3d 111, 818 N.Y.S.2d 366 (4th Dep't 2006), the uncontroverted evidence established that the same attorney improperly represented both the buyer and sellers in the sale of motel property and did not make the necessary disclosures to either party to the transaction. In such a situation, the attorney clearly has established an attorney-client relationship with each party, and the fact that their interests are adverse to one another is readily apparent. Here, in contrast, there was plainly no attorney-client relationship between MERS and the Baum firm, and, in any event, the extent of MERS' relationship with the Baum firm is fully detailed in the written documents provided. Thus, this situation is entirely distinguishable from Rogoff.

-6-

## CONCLUSION

As set forth above, there is no conflict of interest arising from the execution of the assignment at issue by Ms. Bechakas, an employee of the Baum firm, and the Baum firm's representation of BAC, a secured creditor in this matter.  MERS is not a party to this action and the law firm of Steven J. Baum, P.C. does not represent MERS.  The Baum firm represents BAC and no other interest in this action. Moreover, both MERS and BAC consented to giving Ms. Bechakas signing authority.  Consequently, the Baum firm does not have a conflict of interest in this matter under any of the applicable ethical rules.


DATED:      Buffalo, New York
            January 27, 2011



                                       s/Vincent E. Doyle III
                                       Vincent E. Doyle III, Esq.
                                       CONNORS & VILARDO, LLP
                                       Attorneys for Steven J. Baum, P.C.
                                       1000 Liberty Building
                                       424 Main Street
                                       Buffalo, New York  14202
                                       (716) 852-5533
                                       ved@connors-vilardo.com

-7-