UNITED STATE BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

    JOHN C. SZUMOWSKI,

           Debtor.

Chapter 13
Case No. 10-12431

Hon. Robert E. Littlefield
U.S. Bankruptcy Judge

---

## MEMORANDUM OF LAW

### PRELIMINARY STATEMENT

This Memorandum of Law is submitted in further support of the response submitted on behalf of BAC Home Loan Servicing, LP (the "Secured Creditor") in regard to the allegations set forth in the Debtor's Objection to Claim. An initial hearing was conducted before this Court on January 13, 2011. The Memorandum of Law is submitted to respond to the issues raised by the Court at the January 13, 2011 hearing, and more specifically address (1) whether there is an effective commercial transaction because of any perceived problems with the Note; and (2) whether the perceived conflict of interest effects the underlying commercial transaction. For the reasons set forth below, BAC will establish that the underlying mortgage transaction is valid, and any alleged defect in the assignment has no bearing on that transaction.

# ARGUMENT

## POINT I

### VALIDITY OF THE UNDERLYING MORTGAGE TRANSACTION.

In the present case, there is no dispute over the fact that the Debtor executed a Note and Mortgage. The Debtor does not dispute that he owes on the Mortgage Debt.

It is well settled in New York that where a mortgage is signed by the mortgagor, delivered to and accepted by the mortgagee, <u>or its agent</u>, the mortgage constitutes a valid contract and security or lien. *See Munoz v. Wilson*, 111 N.Y. 295 (1888); *Wood v. Travis*, 231 A.D. 331 (3d Dep't 1931). The recording of a mortgage is presumptive evidence of delivery by the mortgagor and acceptance by the mortgagee. *See Preston v. Albee*, 120 A.D. 89 (1st Dep't 1907). Further, it is well-settled that the court has no authority to make a new contract for the parties or recast the contract between them. *LaVere v. R.M. Burritt Motors, Inc.*, 446 N.Y.S.2d 851 (New York City Ct. 1981); *see also, Mitler v. Friedeberg*, 222 N.Y.S.2d 480 (N.Y. Sup. 1961); *Nemmer Furniture Co. v. Select Furniture Co.*, 208 N.Y.S.2d 51 (N.Y. Sup. 1960); *Empire Sportswear, Inc. v. Newsday, Inc.*, 178 N.Y.S.2d 833 (N.Y. Sup. 1958), *affirmed by* 185 N.Y.S.2d 78 (2nd Dept. 1959); *Royce Furs, Inc. v. Home Ins., Co.*, 291 N.Y.S.2d 529 (1st Dept. 1968); *Barrand v. Quinn*, 98 N.Y.S.2d 1013 (4th Dept. 1950), *affirmed by* 302 N.Y. 744 (1951). Where the terms of the mortgage are clear and certain, the court's role is limited to interpretation and enforcement of contractual terms. *Strong v. Reeves*, 114 N.Y.S.2d 97 (3rd Dept. 1952); *JJFN Holdings, Inc. v. Monarch Investment Properties*, 736 N.Y.S.2d 66 (2nd Dept. 2001); *Salvano v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 623 N.Y.S.2d 790 (1995).

Likewise, the recording of the original Mortgage perfects the lien against the Debtor's property and serves as constructive notice that a mortgage lien exists. *See e.g. In re Mullin*, 433

B.R. 1 (S.D.TX 2010), *see also In re Cook*, 457 F.3d 561 (6th Cir. 2006). Under New York law, the date the mortgage is recorded is the operative point for determining the rights of those claiming under the mortgage. *See Alliance Funding Co. v. Taboada*, 39 A.D.3d 784 (2d Dep't 2007).

In the present case, there is no dispute that the Debtor executed a Note and Mortgage. The Debtor does not dispute that he owes on the debt. Looking to the Note and Mortgage demonstrates that there is a valid contract in effect. The underlying commercial transaction of entering into and executing the Note and Mortgage was between the Debtor and Home Funding Finders, Inc. ("HFF"). The Debtor cannot point to any fraud or other issue that would render the Note and Mortgage transaction invalid.

Additionally, the Uniform Commercial Code also provides that, "[t]he holder of an instrument whether or not he is the owner may…enforce payment in his own name." U.C.C. §3-301. A "holder" is defined as "a person in possession of a document of title or an instrument…issued or indorsed to him or to his order…." U.C.C. §1-201(20). Pursuant to U.C.C. § 3-204, "an indorsement in blank specifies no particular indorsee…and becomes payable to the bearer and may be negotiated by delivery alone until specially indorsed." A "bearer" means the person in possession of an instrument, document of title, or certificated security payable to bearer or indorsed in blank." U.C.C. 1-201(5).

Though the Debtor has inferred that there may be perceived problems with the Note, the Debtor has not specifically identified any such problems with respect to this loan. Notably, this case does not deal with a securitized trust or pooling and servicing agreement that governs that trust.

In the present case, the Note is endorsed "in blank" and therefore U.C.C. § 3-204 applies. BAC meets the definition of a "bearer" as defined by U.C.C. § 1-201(5) because it is an entity in possession of the Note. Therefore, in accordance with New York law, BAC as the holder of the Note has a pecuniary interest in the Note and may enforce its terms.

## POINT II

### THE ASSIGNMENT OF MORTGAGE HAS NO EFFECT ON THE VALIDITY OF THE UNDERLYING COMMERCIAL TRANSACTION.

The established doctrine in New York is that the mortgage follows the note such that the holder of the note has the right to enforce the terms of thereof. Though it was proposed that the Note and Mortgage may have been split based on the timing of the assignment, this proposition simply cannot stand and is against New York law.

"It is well-settled law in this state that the transfer of a note operates in law and equity as an assignment and transfer of a mortgage given to secure it to the extent of the amount of the note. The note which the mortgage was given to secure constitutes the debt, and the mortgage is the incident, and by presumption of the law passed with the transfer of the debt. The formal assignment..., simply confirmed and put in visible form equitable rights already existing." *Weaver Hardware Co. v. Solomovitz*, 98 Misc. 413, 429 (N.Y. Sup. Ct. 1917). "Under New York law, ... the security is merely incidental to the debt and as such partakes in a sense of its negotiable character." *In re AppOnline.com, Inc.*, 290 B.R. 1, 14 (Bankr. E.D.N.Y. 2003) (citation omitted). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the

obligation, and the mortgage passes with the debt as an inseparable incident. *U.S. Bank, N.A. v. Collymore*, 2009 NY Slip Op 9019, 2 (N.Y. App. Div. 2d Dep't 2009).

Recent case law has confirmed that that "physical possession of the original note and mortgage received by delivery negates any need for a written assignment." *In re Feinberg*, 2010 Bankr. LEXIS 4956, 17-18 (Bankr. S.D.N.Y. July 30, 2010) *citing In re Conde-Dedonato*, 391 B.R. 247, 252 (Bankr. E.D.N.Y. 2008) (while an assignment of mortgage is evidence of ownership of that mortgage, case law establishes that a mortgage can be transferred by delivery, without a written assignment); *see also U.S. Bank v. Collymore*, 68 A.D.3d 752, 890 N.Y.S.2d 578, 580 (2d Dep't 2009); Bergman on New York Mortgage Foreclosures, § 16.05(1b)(a); *Flyer v. Sullivan*, 284 A.D. 697, 134 N.Y.S.2d 521 (1st Dep't 1954), *citing Levy v. Louvre Realty Co.*, 222 N.Y. 14, 20, 118 N.E. 207 (1917). "As a matter of law, Defendant's possession of the original note and mortgage is evidence of a valid assignment." *Feinberg* 2010 Bankr. LEXIS 4956, 17-18. As Bruce J. Bergman concludes,

> "A written assignment is not a prerequisite to the validity of an assignment of a mortgage because a mortgage can be assigned by mere delivery. Similarly expressed, there is no legal need for an assignment in writing. Rather an effectual mortgage assignment is accomplished by delivery only. Succinctly summed up, ***title to a note and mortgage passes by delivery of those instruments and no formal written transfer is necessary.***"

In *Flyer v. Sullivan, supra*, the Appellate Division stated that "[o]ur courts have repeatedly held that a bond and mortgage may be transferred by delivery without a written instrument of assignment." Similarly, in *Curtis v. Moore*, 152 N.Y. 159, 162(1897) the Court of Appeals held that "a good assignment of a mortgage is made by delivery only." Likewise, in *Fryer v. Rockefeller*, 63 N.Y. 268, 276 (1875), the court held that "there is no legal need of a recording of the assignment, nor any for an assignment in writing. A good assignment of a mortgage is made by delivery only."

Lastly, where it was claimed that the plaintiff in a mortgage foreclosure action was not the valid assignee of the note and mortgage in default, it was held that delivery of the mortgage and note vested title without need for a written assignment. *National Mortgage Consultants v. Elizaitis*, 3 Misc. 3d 1109A, 787 N.Y.S.2d 679 (Sup. Ct. Suffolk Co. 2004).

As it is established that that mortgage follows the note, the debt on the Note cannot pass without bringing with it the security, so that the Note never becomes unsecured. In the present case, BAC has established that it has physical possession of the Note and therefore has established a valid assignment.

Additionally, the validity of the assignment of mortgage has no bearing on the validity of the underlying commercial transaction. The Assignment of Mortgage is a separate document, entirely outside of the underlying mortgage transaction that took place in September 2004.

## CONCLUSION

Based on the foregoing, the BAC has established that the underlying commercial transactions remains valid, that BAC is the current holder of the Note and corresponding Mortgage obligation, and that BAC is entitled to be paid on the claim. As such the Debtor's Objection to Claim should be denied in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: January 28, 2011
Buffalo, NY

*Natalie A. Grigg*
Natalie A. Grigg, Esq.