UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re: John C. Szumowski            )
                                    )
                                    )   Case No. : 10-12431
                    Debtor(s)       )   Chapter 13
Address:    2484 Ridge Road         )
            Scotia, NY 12302        )
                                    )
                                    )

## OBJECTION TO DEBTOR'S REQUESTS FOR INSPECTION AND FORENSIC TESTING OF ORIGINAL DOCUMENTS.

BAC Home Loans Servicing, LP ("BAC"), by and through its attorney, Steven J. Baum, P.C., by Natalie A. Grigg, Esq., of counsel, as and for its response to Debtor John Szumowski's (the "Debtor"), Requests for Inspection and Forensic Testing of Original Documents ("Requests"), sets forth the following:

### GENERAL OBJECTIONS

1.  BAC objects to the extent the Requests seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, immunity, or protection from discovery. If BAC produces any privileged documents or information, such production is inadvertent and does not constitute a waiver of the attorney-client privilege, the work product doctrine or any other applicable privilege, doctrine, immunity, or protection from discovery, pursuant to Federal Rule of Evidence 502(b).

2.  BAC objects to the Requests to the extent they require BAC to locate or identify documents and/or information that are not under its possession, custody or control. BAC will

1

produce, subject to its objections, responsive, non-privileged documents within its possession, custody, and control.

3.  BAC, by producing any documents or information, does not waive its right to object to the introduction of such documents or information as evidence.

4.  The responses herein are based upon documents and information available at the present time from BAC's files. BAC reserves the right to supplement, amend and/or correct these responses in the event that future discovery reveals information that would justify such supplementation, correction, and/or amendment.

5.  The production of documents or other information by BAC pursuant to any of Debtor's Requests hereunder shall not in any way be construed as constituting, denoting, connotating or in any way creating an inference of an admission by BAC with respect to any issue or matter by virtue of the requests made by Debtor herein, the manner and way in which the request is made, whether or not the request is objected to, or the manner, style or language of any request.

6.  BAC reserves the right to supplement the general objections above, to state other and different general objections at any time and to supplement any specific objections or responses stated below, or assert other and different objections at any time.

7.  BAC objects to the Requests to the extent that they seek to expand the scope of, or impose obligations greater than, those imposed by the Federal Rules of Civil Procedure.

8.  BAC objects to the Requests to the extent they are vague, ambiguous, or too general.

9.  BAC objects to the Requests to the extent they are overly broad or unduly burdensome.

10. BAC objects to the Requests to the extent they seek documentation or information not relevant to the issues raised in this proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

11. BAC objects to Debtor's Requests because they fail to specify a "reasonable time, place, and manner for inspection" as required by Federal Rule of Civil Procedure 34(b)(1)(B) and Federal Rule of Bankruptcy Procedure 7034.

12. BAC objects to the definition of "You" and "BAC" as overly broad and unduly burdensome. BAC further objects that the Reqeust is vague and ambiguous by including "its officers, directors, employees, servants, agents, representatives, divisions, partners, corporate parent, subsidiaries, successors in interest, assignees or affiliates or anyone else acting on its behalf."

13. BAC objects to the definition of "HFF" as overly broad and unduly burdensome. BAC further objects that the Reqeust is vague and ambiguous by including "its officers, directors, employees, servants, agents, representatives, divisions, partners, corporate parent, subsidiaries, successors in interest, assignees or affiliates or anyone else acting on its behalf."

14. BAC objects to the definition of "Countrywide" as overly broad and unduly burdensome. BAC further objects that the Reqeust is vague and ambiguous by including "its officers, directors, employees, servants, agents, representatives, divisions, partners, corporate parent, subsidiaries, successors in interest, assignees or affiliates or anyone else acting on its behalf."

15. BAC objects to the definition of "MERSCORP" as overly broad and unduly burdensome. BAC further objects that the Request is vague and ambiguous by including "its officers, directors, employees, servants, agents, representatives, divisions, partners, corporate

parent, subsidiaries, successors in interest, assignees or affiliates or anyone else acting on its behalf."

16. BAC objects to the definition of "MERS" as overly broad and unduly burdensome. BAC further objects that the Request is vague and ambiguous by including "its officers, directors, employees, servants, agents, representatives, divisions, partners, corporate parent, subsidiaries, successors in interest, assignees or affiliates or anyone else acting on its behalf."

## ANSWERS AND OBJECTIONS

The answers and objections which follow are interposed subject to, and without waiver of, either the foregoing general objections or any of the more specific objections hereafter presented:

1. Produce the original of the attached Exhibit 1 for inspection and forensic testing.

**RESPONSE:** In addition to its General Objections, BAC objects to this request to the extent that it fails to comply with Federal Rules of Civil Procedure 34 and Federal Rules of Bankruptcy Procedure 7034, which require the Debtor to specify a reasonable time, place, and manner for the inspection and testing. BAC further objects to Request for Inspection No. 1 on the grounds it is vague and ambiguous by requesting the "original" of an "Exhibit." BAC objects to this request as it is unduly burdensome and is neither relevant to the issues in this contested matter nor calculated to lead to the discovery of admissible evidence.

2. Produce the original of the attached Exhibit 2 for inspection and forensic testing.

**RESPONSE:** In addition to its General Objections, BAC objects to this request to the extent that it fails to comply with Federal Rules of Civil Procedure 34 and Federal Rules of Bankruptcy Procedure 7034, which require the Debtor to specify a reasonable time, place, and manner for the inspection and testing. BAC further objects on the ground that the Request seeks documents not in the possession, custody, and control of BAC or that are available from public sources as the original mortgage is filed on record with the Office of

the County Clerk for Schenectady County. BAC further objects to Request for Inspection No. 2 on the grounds it is unduly burdensome, vague and ambiguous by requesting the "original" of an "Exhibit," and is neither relevant to the issues in this contested matter nor calculated to lead to the discovery of admissible evidence.

3. Produce the original of the attached Exhibit 3 for inspection and forensic testing.

**RESPONSE:** In addition to its General Objections, BAC objects to this request to the extent that it fails to comply with Federal Rules of Civil Procedure 34 and Federal Rules of Bankruptcy Procedure 7034, which require the Debtor to specify a reasonable time, place, and manner for the inspection and testing. BAC further objects to this request to the extent that it seeks the production and inspection of documents not within the possession, custody, or control of BAC or that are available from public sources as the original Assignment of Mortgage is filed on record with the Office of the County Clerk for Schenectady County. BAC further objects to Request for Inspection No. 3 on the grounds it is unduly burdensome, vague and ambiguous by requesting the "original" of an "Exhibit," and is neither relevant to the issues in this contested matter nor calculated to lead to the discovery of admissible evidence.

4. Produce the original of the attached Exhibit 4 for inspection and forensic testing.

**RESPONSE:** In addition to its General Objections, BAC objects to this request to the extent that it fails to comply with Federal Rules of Civil Procedure 34 and Federal Rules of Bankruptcy Procedure 7034, which require the Debtor to specify a reasonable time, place, and manner for the inspection and testing. BAC further objects to the extent that testing and/or inspection of Exhibit 4 will and is neither relevant to the issues in this contested matter nor calculated to lead to the discovery of admissible evidence and goes beyond the subject matter of this case. BAC further objects to Request for Inspection No. 4 on the grounds it is unduly burdensome, vague and ambiguous by requesting the "original" of an "Exhibit."

5. Produce the original collateral file and/or legal file and/or investor file and/or mortgage file referring or relating to the debtor for inspection and forensic testing.

5

**RESPONSE:** In addition to its General Objections, BAC objects to this request to the extent that it fails to comply with Federal Rules of Civil Procedure 34 and Federal Rules of Bankruptcy Procedure 7034, which require the Debtor to specify a reasonable time, place, and manner for the inspection and testing. BAC further objects to the extent the request is vague, and ambiguous regarding use of the terms "collateral file," "legal file," "investor file," and "mortgage file." BAC further objects that this request is overbroad, unnecessarily burdensome, and is neither relevant to the issues in this contested matter nor calculated to lead to the discovery of admissible evidence.

6. Produce any original note referring or relating to the debtor in your custody and control for inspection and forensic testing.

**RESPONSE:** In addition to its General Objections, BAC objects to this request to the extent that it fails to comply with Federal Rules of Civil Procedure 34 and Federal Rules of Bankruptcy Procedure 7034, which require the Debtor to specify the item to be inspected with reasonable particularly and specify a reasonable time, place, and manner for the inspection and testing. BAC further objects to the extent the request is duplicative. BAC further objects that this request is vague and ambiguous by its use of the terms "referring or relating to the debtor" and "original note."

7. Produce any original mortgage referring or relating to the debtor in your custody and control for inspection and forensic testing.

**RESPONSE:** In addition to its General Objections, BAC objects to this request to the extent that it fails to comply with Federal Rules of Civil Procedure 34 and Federal Rules of Bankruptcy Procedure 7034, which require the Debtor to specify a reasonable time, place, and manner for the inspection and testing. BAC further objects to the extent the request is duplicative. BAC further objects that this request is overbroad, unnecessarily burdensome, and is neither relevant to the issues in this contested matter nor calculated to lead to the discovery of admissible evidence. BAC further objects that this request is vague and ambiguous by its use of the terms "referring or relating to the debtor" and "original mortgage." BAC further objects on the ground that the Request seeks documents not in the possession, custody, and control of BAC or that are available from public sources as the original mortgage is filed on record with the Office of the County Clerk for Schenectady County.

8. Produce any original mortgage assignment or assignment of mortgage referring or relating to the debtor in your custody and control for inspection and forensic testing.

**RESPONSE:** In addition to its General Objections, BAC objects to this request to the extent that it fails to comply with Federal Rules of Civil Procedure 34 and Federal Rules of Bankruptcy Procedure 7034, which require the Debtor to specify a reasonable time, place, and manner for the inspection and testing. BAC further objects to the extent the Request seeks documents not in the possession, custody, and control of BAC or that are available from public sources as the original Assignment of Mortgage is filed on record with the Office of the County Clerk for Schenectady County. BAC further objects that this request is overbroad, unnecessarily burdensome, and is neither relevant to the issues in this contested matter calculated to lead to the discovery of admissible evidence. BAC further objects that this request is vague and ambiguous by its use of the terms "original mortgage assignment," "assignment of mortgage," and "referring or relating to the debtor."

Without waiving any of the objections contained herein, BAC reserves its rights to supplement these responses accordingly should additional information or documents become available.

Dated: Buffalo, New York
April 18, 2011

Yours, etc.

By: _____
Natalie A. Grigg, Esq.
STEVEN J. BAUM, P.C.
Attorneys for BAC Home Loans Servicing, LP
220 Northpointe Parkway, Suite G
Amherst, New York 14228
(716) 204-2400

TO: RONALD J. KIM, ESQ.
Law Offices of Ronald J. Kim
P.O. Box 318
Saratoga Springs, NY 12866

7