UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

    JOHN C. SZUMOWSKI

                      Debtor.

Case No. 10-12431

**AFFIDAVIT IN FURTHER SUPPORT OF REQUEST FOR A
PROTECTIVE ORDER UNDER RULE 26(c)**

    Natalie A. Grigg, Esq., an attorney duly admitted to practice before the United States Bankruptcy Court for the Northern District of New York, states the following:

    1. I am an associate with Steven J. Baum, P.C., the attorneys for BAC Home Loans Servicing, LP ("BAC"), a secured creditor of John C. Szumowski (the "Debtor"), and as such, am fully familiar with the facts and circumstances contained herein.

    2. This Affirmation is submitted in further support of BAC's Motion for a Protective Order pursuant to Section 107(b) of the Bankruptcy Code and Rules 7026(c) and 9018 of the Federal Rules of Bankruptcy Procedure and in response to the Debtor's opposition to BAC's Motion.

    3. The Debtor's allegation that no pre-motion conference was held is entirely disingenuous. In fact, before the Demand for Forensic Testing was issued the matter was discussed at a conference with the Court that was held on February 10, 2011.

    4. At that time, this Court gave the Debtor's counsel explicit instructions as to how to proceed. In discussing the Debtor's request for forensic analysis, this Court gave Debtor's counsel specific instructions at that time as to showing why it was relevant from the outset, as well as provide information regarding who would conduct the testing, how they do it, where they do it, etc… so that any concerns raised by BAC at that pretrial conference could be adequately addressed.

1

The Debtor knew this when he issued the Demand for Forensic testing, and still failed to comply with the Court's instruction. Since the conference regarding testing had been held, and Debtor's Counsel was aware that BAC intended to oppose any such testing, no further conference was necessary.

## POINT I

### THE DEBTOR HAS FAILED TO SHOW THE RELEVANCY OF THE FORENSIC TESTING.

5. With respect to the Debtor's allegations regarding testing of two alleged Notes, there is only one Original Note and BAC is in possession of it. Upon information, the copy of the Note attached to the Proof of Claim was an imaged copy maintained in BAC's computerized system in the form in which it existed prior to its subsequent indorsement. It was not until your affiant received the Original Note from BAC that it was determined that the Original Note contained additional indorsements. In fact, Debtor's Counsel was advised that the copy of the Note attached to the Proof of Claim was an imaged copy as it is maintained in BAC's computerized system when BAC responded to the Debtor's Discovery Demands. Hence, the Debtor is well aware that there is only one Original Note. Thus, any proposed testing will not be to compare two "original" Notes, but rather would only serve to compare the one Original Note with a copy, which would serve no purpose other than to harass BAC.

6. The Debtor's second possible scenario that is presented to this Court is based on a hypothetical scenario that the indorsements were placed on the Note after the filing of the bankruptcy. However, the Debtor fails to recognize that there would not have been any need to place additional indorsements on the Note following the filing of the instant bankruptcy case. The copy of the Note that was attached to the Proof of Claim was indorsed in blank. The Original Note

2

continues to be indorsed in blank. Thus, BAC is the bearer of that instrument and therefore would be within its rights to enforce the Note and Mortgage by filing the Proof of Claim.

7. Additionally the Debtor makes an unfounded comment regarding whether such indorsements are valid absent a Motion to Lift the Stay. This is entirely irrelevant as BAC currently has possession of the Original Note and Countrywide Home Loans, Inc. had possession of the Original Note since after closing. The Debtor provides no authority to show why consent by the Trustee, or notice to the Debtor or other creditors would be necessary. Moreover, it is well established that any transfer, to the extent one may have occurred, is not a violation of the automatic stay. *See, e.g., Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 567 (6th Cir. 2006) (holding that creditor's failure to file an assignment prior to the bankruptcy filing "did not affect the perfection of the lien as against the mortgagors and those claiming through them")

8. The Debtor also fails to take into account that depositions in the present case have yet to be conducted and certain information that he may be looking for would be available through testimony of representatives of BAC. It seems that all parties could be saved an undue expense if depositions were first conducted to determine what information can be ascertained through that course of discovery.

9. Based on the foregoing, the Debtor has failed to show why the testing would be relevant and BAC's Motion should be granted in its entirety.

## POINT II

### THE TESTING OF THE HOFF AFFIDAVIT IS
### IRRELEVANT.

10. At the outset, the Court should be aware that your affiant is in possession of an electronic version of the Affidavit of Carolin Hoff ("Hoff Affidavit"), but does not have the original Affidavit.

11. In regard to the testing of the Hoff Affidavit, it is apparent, even from the Debtor's papers, that such testing is not relevant to show BAC's standing to file the Proof of Claim.

12. By definition, an affidavit is "[a] voluntary declaration of facts written down and sworn to by the declarant . . . ." Blacks Law Dictionary (9th ed. 2009). The purpose of the Hoff Affidavit was to set forth that BAC was the current holder, when Countrywide Home Loans, Inc. first took possession of the Note, and the relationship between the entities. This is all information that can be obtained from a general witness at the time of depositions.

13. The authenticity of the signature on the Affidavit does not serve to authenticate the facts contained therein, particularly in the present day and age when electronic signatures are so often used. While the Affidavit was submitted to assist with establishing that BAC has standing, ultimately if this matter proceeds to an evidentiary hearing a live witness would be presented who would testify to the information regarding BAC's standing to file the Proof of Claim.

14. Likewise, while it is true that Ms. Hoff no longer works for BAC, the Debtor's presumption that she is not available for a deposition is unfounded. Admittedly, BAC does not have control over Ms. Hoff to produce her for a deposition, however, there is nothing preventing the Debtor from seeking a court order to obtain Ms. Hoff's contact information or obtaining it from a public source, serving her with a non-party Subpoena, and conducting a non-party deposition.

15. Based on the foregoing, the Debtor has failed to show the relevancy of testing the Hoff Affidavit, and thus the Motion should be granted.

WHEREFORE, it is respectfully requested that BAC's Motion be granted in its entirety, together with such other and further relief as this Court deems just and equitable.

Dated: May 23, 2011
      Buffalo, New York

                                                                                 /s/ Natalie A. Grigg
                                                                                 Natalie A. Grigg, Esq.