UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re,

JOHN C. SZUMOWSKI,

Debtor.

-----------------------------------------------------------------

Case No. 10-12431
(Chapter 13)

RECEIVED & FILED
OCT 0 3 2011
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

MEMORANDUM OF LAW
SUBMITTED ON BEHALF OF
STEVEN J. BAUM, P.C.

           CONNORS & VILARDO, LLP
           Attorneys for Steven J. Baum, P.C.
           1000 Liberty Building
           Buffalo, New York  14202
           (716) 852-5533

Vincent E. Doyle III, Esq.
 Of Counsel

## PRELIMINARY STATEMENT

On September 6, 2011, counsel for the Debtor served a subpoena directed to non-party, Elpiniki M. Bechakas, an attorney employed by the Law Offices of Steven J. Baum, P.C. ("the Baum firm"). *See* Subpoena attached as *Exhibit A* to the Declaration of Vincent E. Doyle III, Esq. ("Doyle Dec."). The Baum firm is counsel for BAC Home Loan Servicing, LP f/k/a Countrywide Home Loan Servicing, LP ("BAC"), a secured creditor of John C. Szumowski (the "Debtor"). Specifically, the subpoena seeks the deposition of Ms. Bechakas with respect to an Assignment of Mortgage, dated June 30, 2008, *see Exhibit C* to Doyle Dec., that she executed as Assistant Secretary and Vice President of MERS pursuant to an Agreement for Signing Authority and Corporate Resolution. *See Exhibit D* to Doyle Dec. The subpoena also requests several documents and copies of communications pertaining to the debtor, mortgage and assignment. *See Exhibit A* to Doyle Dec. at pp. 4-5.

On its face, the subpoena should be quashed because it is overly broad, seeks information that is wholly irrelevant to this bankruptcy proceeding, and seeks testimony, documents and communications that are privileged and/or material prepared in anticipation of litigation. Additionally, because there is no conflict of interest from Ms. Bechakas' execution of the assignment, her deposition would not yield any relevant testimony and the subpoena should be quashed on this basis as well.

Alternatively, should the Court deny this motion and allow the deposition to proceed, a Protective Order should be entered strictly limiting the scope of the

deposition, prohibiting the videotaping of the deposition, and sealing the transcript, in order to protect Ms. Bechakas, a non-party, from annoyance, embarrassment, oppression, or undue burden or expense.

## ARGUMENT

### I. THE SUBPOENA MUST BE QUASHED AS OVERLY BROAD, AND BECAUSE IT SEEKS PRIVILEGED TESTIMONY, DOCUMENTS AND COMMUNICATIONS.

The subpoena should be quashed because it is overly broad and seeks testimony that is wholly irrelevant to the pending bankruptcy matter. *See* Fed. Rules Civ. Pro. rules 26(b)(1); 45(c)(3)(A)(iv); Fed. Rules Bankr. Pro. rules 7026; 9016. Fed. Rules Civ. Pro. rule 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Because any testimony from Ms. Bechakas about the signing of the assignment would be irrelevant to the Debtor's claims or defenses in this matter, the subpoena should be quashed. Moreover, because Ms. Bechakas is an attorney employed by the Baum firm, which represents BAC, a secured creditor of the Debtor, a deposition of Ms. Bechakas would require her to testify about matters that are subject to attorney-client privilege or otherwise protected from disclosure as material prepared in anticipation of litigation.

Additionally, the requests for documents in the subpoena are overly broad and clearly privileged. For example, Request 6 seeks "[a]ny and all documents, computer data, regardless of the medium . . . that describe, discuss, refer to or

2

concern the debtor and/or note and mortgage," and Request 7 seeks "[a]ny and all e-mail communications . . . that mention, describe, discuss, refer to or concern he debtor and/or note and mortgage." *Exhibit A* to Doyle Dec. At p. 4. Because these requests are so broad and vague, not only are they unduly burdensome, but they clearly seek privileged information concerning the Baum firm's representation of BAC in this matter. Requests 8 and 9 are equally egregious. Debtor's counsel requests a copy of a legal opinion that the undersigned prepared for our client, the Baum firm, and "any and all documents" referring or relating to that legal opinion. Any such documents, to the extent they may exist, are privileged and therefore not subject to disclosure. *See* Fed. Rules Civ. Pro. rule 45(c)(3)(A)(iii) (the issuing court <u>must</u> quash or modify a subpoena that requires disclosure of privileged or other protected matter). Thus, both the testimony from Ms. Bechakas and the documents requested are clearly privileged, and therefore the subpoena should be quashed.

### II. <u>THE SUBPOENA MUST BE QUASHED BECAUSE IT SEEKS IRRELEVANT TESTIMONY</u>.

A. **The Debtors Have No Standing to Challenge the Assignment.**

Not only is the subpoena defective on its face for the reasons discussed in Point I, above, but for the substantive reasons discussed below it should be quashed. Simply stated, requiring Ms. Bechakas to appear for a deposition regarding her authority to assign a mortgage on behalf of MERS is unnecessary and irrelevant because it has no bearing on the underlying issues of law. There is no

dispute that Ms. Bechakas executed the assignment of the Debtor's mortgage on behalf of MERS. Most importantly, however, none of the parties to the assignment -- MERS and Countrywide -- are disputing the validity of the assignment or that it was executed by Ms. Bechakas. The Debtor has no legal right, therefore, to challenge the validity of the assignment. "While Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition. . . .'" *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004). The subpoena directed to Ms. Bechakas is nothing more than a fishing expedition.

An Assignment of Mortgage is a contract between an Assignor and an Assignee. *See e.g. Ifert v. Miller*, 138 B.R. 159 (Bankr. E.D. Pa. 1992). In contrast, the Note and Mortgage are a contract between the Debtor and the Mortgagee. The two contracts are separate and distinct from one another. The Assignment of Mortgage does nothing to change the obligations under the mortgage contract, it merely substitutes the entity to whom those obligations are owed. A Debtor cannot therefore step into the shoes of an Assignor and assert its contract rights, and it may not challenge the operation of any agreement involving the transfer or negotiation of the Note and Mortgage. *See Livonia Property Holdings, LLC v. Farmington Road Holdings, LLC*, 2010 U.S. Dist. LEXIS 47595 at *28-29 (E.D. Mich. May 13, 2010)("Borrower may not challenge the validity of assignments to which it was not a party or third-party beneficiary, where it has not been prejudiced, and the parties to the assignments do not dispute (and in fact affirm)

4

their validity."); *Pagosa Oil and Gas, L.L.C. v. Marrs and Smith P'ship*, 2010 Tex. App. LEXIS 938, 2010 WL 450910 (Tex. App. Feb. 10, 2010) (finding lessor lacked standing to challenge assignment of lessee's breach of lease action because lessor was not party or third-party beneficiary to assignment contract); *Rogan v. Bank One*, 457 F.3d 561, 567 (6th Cir. 2006) ("because neither the debtors nor the Trustee [were] parties to the [assignment] . . . [t]hey lack standing to enforce it; they cannot claim to have relied on it."); *Pierce v. Wells Fargo Bank*, 2006 U.S. Dist. LEXIS 96896 at *3 (N.D. N.C. Sept. 29, 2006) ("It is well-accepted that unless a contract explicitly prohibits assignment, an assignment is valid over one party's objection"); *Liu v. T&H Mach., Inc.*, 191 F.3d 790, 797 (7th Cir. 1999) (party to underlying contract lacks standing to "attack any problems with the reassignment" of that contract); *Pashak v. Interstate Highway Construction, Inc.*, No. 189886, 1998 Mich. App. LEXIS 2553 at 1* (Mich. App. Mar. 20, 1998) ("Although [lessee] challenges the validity of the assignment [of the lease] as between [the assignor] and [the assignees], we find that it lacks standing to do so where the parties to the assignment do not contest its validity."); *Nicolls Pointing Coulson, Ltd. v. Transp. Underwriters of La., Inc.*, 777 F. Supp. 493 (E.D. La. 1991) ("a debtor cannot challenge an assignment of a debt by a creditor unless he can show he is prejudiced by the assignment"); *In re Holden*, 271 N.Y. 212, 2 N.E.2d 631 (N.Y. 1936) ("The assignments were valid upon their face. The assignee was the legal owner of the claims assigned. No one could question the validity of the assignments except the assignors."); *Blackford v. Westchester Fir Ins. Co.*, 101 F. 90, 91 (8th Cir. 1900)

("As long as no creditor of the assignor questions the validity of the assignment, a debtor of the assignor cannot do so."); *The Prussia*, 100 F. 484 (D. Wash. 1900) (holding the validity of an assignment cannot be collaterally attacked on the ground of alleged technical irregularities by a non-party to the assignment, where no objection is made by the assigning entity); Richard A. Lord, 29 Williston on Contracts § 74:50 (4th Ed.) ("[T]he debtor has no legal defense [based on invalidity of the assignment] . . . for it cannot be assumed that the assignee is desirous of avoiding the assignment."). Here, there is no issue regarding title to the property, and no party to the Assignment has objected to it for any reason. Because the Debtor has no standing to challenge the Assignment, he has no right to depose Ms. Bechakas regarding the Assignment or her execution thereof. The Debtor likewise has no standing to intervene in or challenge the operation of any agreement involving the transfer or negotiation of the Note and Mortgage. *See Caravella v. City of New York*, 79 Fed. App'x. 452 (2d. Cir. 2003). Because of the Debtor's lack of standing to challenge the Assignment, any testimony about the Assignment would be irrelevant, and therefore the subpoena should be quashed.

A very similar issue arose in *BAC Home Loans Servicing v. Galan*, Case no. 2010 CA 003149 in Osceola County, Florida. There, the court granted a Protective Order precluding the deposition of a non-party following a joint motion brought by MERS, BAC, and the non-party witness. *See Exhibit E* to the Doyle Dec. The non-party witness was a managing attorney for a firm that often performed foreclosure work for creditors. The parties argued that there were no disputed facts

6

about which the non-party could testify, and any defenses based on the authority to act as agent for MERS were completely legal in nature.

For the same rationale applied in *Galan*, the Court should quash this subpoena. A deposition of Ms. Bechakas limited to her authority to assign the mortgage on behalf of MERS would not address facts that are in dispute. As previously briefed for this Court, in New York, a written assignment of mortgage is not required to confer standing to commence a foreclosure action. In New York, delivery alone is sufficient to transfer the Note and Mortgage. BAC has already demonstrated that it is the holder of a Note that is endorsed in blank. Accordingly, any claim based on the validity of the Assignment is without merit and testimony from Ms. Bechakas on this issue would be irrelevant. Thus, the subpoena should be quashed on this basis as well.

### B.  There Is No Conflict of Interest.

The Debtor also asserts that because Ms. Bechakas is an attorney with the Baum firm, which represents BAC, and she executed the Assignment at issue, there is a conflict of interest. As explained below, however, there is no conflict of interest and therefore a deposition of Ms. Bechakas is irrelevant and unwarranted. As a threshold matter, it should be noted that even if there is a conflict of interest, the proper remedy is a motion to disqualify the attorney, which has not been brought in this case. *See generally Cleverly Minded Ltd. v. Anthony Sicari Apparel Group Industries, Inc.*, 2003 WL 161317 (S.D.N.Y. 2003).

Furthermore, on December 21, 2010, the Committee on Professional Ethics for the New York State Bar Association issued Opinion 847, which addressed this very subject, namely whether an attorney may represent a beneficial owner of a note and mortgage and concurrently serve as an officer of the mortgagee of record for purposes of executing a mortgage assignment to the beneficial owner and prosecuting a foreclosure action in the name of the assignee. The Committee determined that there is no conflict of interest for an attorney to represent a beneficial owner while concurrently serving as an officer of the mortgagee of record. *See Exhibit F* to the Doyle Dec.

Based on this ethics opinion, it is clear that there is no conflict of interest from Ms. Bechakas' execution of the Assignment that removed the mortgage from the MERS system. Accordingly, the Debtor's assertions to the contrary are without merit and should be disregarded, and he should be precluded from engaging in a course of discovery regarding this irrelevant issue.

### III. IN THE ALTERNATIVE, THE COURT SHOULD ISSUE A PROTECTIVE ORDER WITH RESPECT TO THE DEPOSITION.

#### A. The Deposition Should Be Strictly Limited in Scope.

Alternatively, if Ms. Bechakas is required to submit to a deposition, her testimony should be strictly limited to the facts surrounding her execution of the assignment at issue. Any questions beyond that limited scope would be improper. *See* Fed. Rules Civ. Pro. rules 26(b)(1); 26(b)(3)(A), (B); *see also In re Wright*, 220

B.R. at 545 (quoting Fed. R. Civ. P. 26(c)(2)) ("A protective order may provide 'that the disclosure or discovery may be had only on specified terms and conditions.'"); *In re Hotel Syracuse, Inc.*, 1991 U.S. Dist. LEXIS 18580 at *7 n. 3 (N.D.N.Y DEC. 18, 1991) ("Under Fed. R. Civ. P. 26(c), as referenced by Fed. R. Bankr. P. 7026, a party from whom discovery is sought may move the court for cause shown for a protective order prohibiting or limiting the discovery sought.").

It is well settled that "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Crawford-El v. Britton*, 523 U.S. 574, 598, (1998); *see also Kunstler v. City of New York*, 2006 U.S. Dist. LEXIS 61747 (S.D.N.Y. Aug. 29, 2006) ("This provision gives the court broad discretion to tailor discovery to the needs of the case and the interests of the discovered party, and in doing so the court may 'undertake some substantive balancing of interests.'") (citation omitted); *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94 (S.D.N.Y. 1997) (Rule 26 "directs a court to 'examine the burdens potentially to be borne by the various parties if the contemplated discovery is performed, and to limit such if it determines that the burdens or expenses of the discovery outweighs the benefits.'"). Here, balancing the interests requires, at most, only a very limited deposition of this non-party.

B.  **The Deposition Should Not Be Videotaped.**

Counsel for the debtor not only seeks to depose Ms. Bechakas, but seeks to videotape this deposition as well. Because there is simply no reason to videotape a deposition of this non-party concerning her execution of an assignment, should the Court deny this motion and require the deposition to go forward, the Court should

9

issue a protective order prohibiting the videotaping of such deposition. Indeed, Fed. Rules Civ. Pro. rule 30(b)(3)(A), which applies to this proceeding pursuant to Fed. Rules Bankr. Pro. rule 7030, provides that deposition testimony may be videotaped "<u>unless the court orders otherwise</u>." *Id.* (emphasis added). That the Court may "order otherwise" is expressly contemplated by Fed. Rules Civ. Pro. rule 26(c), made applicable to this proceeding pursuant to Fed. Rules Bankr. Pro rule 7026, which provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such orders may include precluding discovery, limiting the scope or manner of discovery, or ordering that a deposition be sealed. *See* Fed. Rules Civ. Pro. rule 26(c)(1)(A), (B), (C), (D), (F).

As courts in this Circuit have noted, "[v]ideotaped depositions are permitted to facilitate the presentation of evidence to juries; they are not intended to provide 'a vehicle for generating content for broadcast and other media.'" *Stern v. Crosby*, 529 F. Supp.2d 417, 422-23 (S.D.N.Y. 2007); *see also Paisley Park Enters. v. Uptown Prods.*, 54 F. Supp.2d 347, 349 (S.D.N.Y. 1999). A videotape of a deposition that concerns the execution of an assignment would not aid in the presentation of evidence to a jury. Here, where Ms. Bechakas is a "non-party witness dragged unwillingly into a dispute between others" there is simply no bona fide litigation purpose in videotaping her testimony, and it should not be permitted. *Cf. Paisley Park Enters.*, 54 F. Supp.2d at 349.

### C. The Transcript Should Be Sealed.

Additionally, if this deposition is allowed to proceed, the transcript should be sealed and opened only at the direction of the Court. Such a safeguard is necessary to protect Ms. Bechakas from "annoyance, embarrassment, oppression, or undue burden." Fed. Rules Civ. Pro. rule 26(c). In foreclosure and bankruptcy cases, it is becoming commonplace for information to be disseminated via websites and blogs, and, unfortunately some websites that purport to provide foreclosure defense advice incorrectly suggest that assignments such as the one executed by Ms. Bechakas are "spurious" or they otherwise suggest that she, or other individuals in her position, may be "robo-signers." For example, an online search for Ms. Bechakas reveals that she is mentioned on such websites and blog sites as www.scribd.com; www.foreclosurehamlet.org; www.senseoncents.com; www.wallstreetmainstreet.com; www.reviewyourbankforeclosure.com; www.stopforeclosurefraud.com; www.groups.yahoo.com; www.livinglies.wordpress.com; www.lists.rocus.org; and www.fraudcaught.blogspot.com; just to name a few. In fact, the instant bankruptcy case has already received public attention and is cited online at www.reviewyourbankforeclosure.com/mortgage-assignments-mortgage-servicers-and-securitized-trusts-in-bankruptcy-cases. To allow a transcript of her testimony -- which would likely contain her address or other contact information -- would place Ms. Bechakas, who is <u>not</u> a party in this matter, at a very real risk of annoyance, embarrassment, oppression or even potential harassment.

11

As noted above, Fed. R. Bankr. Pro 7026 (c)(1) authorizes the Court to enter a protective order to protect a person "from annoyance, embarrassment, oppression or undue burden or expense, including . . . requiring that a deposition be sealed and opened only on court order." Courts within this Circuit have also recognized that "the vital function of a protective order . . . is to 'secure the just, speedy, and inexpensive determination' of civil disputes . . . by encouraging full disclosure of all evidence that might conceivably be relevant. *Botha v. Don King Prods., Inc.*, 1998 U.S. Dist. LEXIS 2228 at *3 (S.D.N.Y. 1998) citing *Martindell v. Int'l Telephone and Telegraph Co.*, 594 F.2d 291, 295 (2d Cir. 1979). Issuing a protective order in this case and sealing the deposition transcript would serve these interests. Moreover, "[n]otwithstanding the common law right of public access, each court retains the right to control its own files to ensure their proper use." *Bolia v. Mercury Print Prods.*, 2004 U.S. Dist. LEXIS 22730, at *10 (W.D.N.Y. Oct. 28, 2004) citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978).

"A party seeking to protect discovery material from public disclosure has the burden of showing 'good cause.'" *United States v. Approximately 1,170 Carats of Rough Diamonds*, 2007 U.S. Dist. LEXIS 51660 at *4 (E.D.N.Y. July 17, 2007). This "requires a particularized showing of 'the specific harm that would result from disclosure or loss of confidentiality.'" *Id.* citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). That showing has been made here. Ms. Bechakas is already undergoing public scrutiny and attack for performing her job duties, and there is a likelihood of additional unwanted attention if a transcript her deposition

12

is made available to the public. In other cases, deposition transcripts of individuals with signing authority have been posted on the internet or otherwise distributed outside of a particular case for no legitimate purpose related to the particular litigation. Therefore, a protective order sealing the transcript is necessary in order to prevent Ms. Bechakas from experiencing the same stigma.

The Second Circuit has set forth a three-part test for determining whether documents relating to a lawsuit must be made available to the public. *See Stern*, 529 F. Supp.2d at 420. First, the court must determine if the documents are "judicial documents" to which the public has a presumptive right of access. If so, the court must then determine the weight of such presumption, and finally the court must balance competing considerations against such presumption. *See id.* Because a transcript of Ms. Bechakas' non-party deposition testimony does not pass this test, a protective order sealing it is warranted.

First, a transcript of Ms. Bechakas' deposition is not a "judicial document." *See id.* at 421; *see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199 (1984) (the Supreme Court of the United States acknowledged that "pretrial depositions . . . are not public components of a civil trial . . . Such proceedings are not open to the public at common law . . . and, in general, they are conducted in private as a matter of modern practice."). Deposition transcripts are not typically made available for public use or viewing, are not conducted in public, and are not filed with the court. Thus, the first prong of the three-part test is not met. Second, even if a deposition transcript of Ms. Bechakas' testimony could be considered a

13

"judicial document," the presumption of public access that would attach to it is low at best. *See Stern*, 529 F. Supp2d at 422. Here, Ms. Bechakas is not a party in the bankruptcy proceeding, so any presumption of public access is even lower than the already low presumption that might attach to a party's transcript. Finally, as explained above and as in the *Stern* case, countervailing interests outweigh the public's right to a transcript of Ms. Bechakas' testimony. *See id*. Accordingly, if the deposition of Ms. Bechakas must go forward, the Court should issue a protective order sealing the transcript.

## CONCLUSION

For the reasons set forth above and in the accompanying Declaration of Vincent E. Doyle III, Esq., the Debtor's subpoena seeking the deposition of Elpiniki Bechakas, Esq., and requesting documents should be quashed in its entirety. Alternatively, the Court should issue a Protective Order strictly limiting the scope of the deposition to the facts surrounding Ms. Bechakas' execution of the assignment, prohibiting the videotaping of the deposition, and sealing the transcript of the deposition.

DATED:   Buffalo, New York
         September 29, 2011

                                             _____
                                             Vincent E. Doyle III, Esq.
                                             CONNORS & VILARDO, LLP
                                             Attorneys for Steven J. Baum, P.C.
                                             1000 Liberty Building
                                             Buffalo, New York 14202
                                             (716) 852-5533
                                             ved@connors-vilardo.com

14

# CONNORS & VILARDO LLP

September 30, 2011

**Attorneys At Law**

Terrence M. Connors
Lawrence J. Vilardo
Randall D. White*
John T. Loss
Vincent E. Doyle III
Michael J. Roach
Lawlor F. Quinlan III
James W. Grable, Jr.
Amy C. Martoche
Joseph D. Morath, Jr.
Meghan M. Brown
Eric M. Soehnlein
Mollie C. McGorry

*Also admitted in District of Columbia

**Paralegals**

Susan B. Fischer, R.N.
Curtis J. Ahrens, Jr.
Lynn M. Bochenek
John P. Kromer
Nancy Pelham, R.N.
Mary E. Rechin, R.N.

United States Bankruptcy Court
Northern District of New York
James T. Foley Courthouse
445 Broadway, Suite 306
Albany, New York 12207

          In Re:  George S. Bevins
                  Case No. 10-12856

          In Re:  John C. Szumowski
                  Case No. 10-12431

Dear Clerk of the Court:

     Pursuant to your instructions, I enclose for filing in each of the above-referenced matters motions to quash subpoenas directed to non-party Elpiniki Bechakas, Esq., along with my supporting declarations with exhibits and memoranda of law. I also enclose my completed case management/electronic case files system attorney registration form. Please process this form and let us know when I am able to file electronically with this Court.

     By copy of this correspondence, I am serving the enclosed motions and supporting papers upon counsel for the debtor. These motions are presently returnable on **Thursday, October 27, 2011 at 9:15 a.m.**

                                Very truly yours,

                                Meghan M. Brown for
                                Vincent E. Doyle III

mem
Enclosure

cc:  (w/enclosures)
      Hon. John E. Littlefield, Jr.
      Ronald J. Kim, Esq.

RECEIVED
OCT 03 2011
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

1000 Liberty Building • Buffalo, NY 14202
716.852.5533 • fax 716.852.5649
www.connors-vilardo.com