| Mailing Address |  | Phone Number |
|---|---|---|
| P.O. Box 1291 | | 716-204-2400 |
| Buffalo, NY 14240-1291 | | |
| | | Fax Number |
| Overnight Mail | STEVEN J. BAUM, P.C. | 716-204-4600 |
| 220 Northpointe Parkway | ATTORNEYS AT LAW | Not for Service |
| Suite G | | Web Site |
| Amherst, NY 14228 | | WWW.MBAUM.COM |

October 26, 2011

Hon. Robert E. Littlefield, Jr.
Chief U.S. Bankruptcy Judge
United States Bankruptcy Court
445 Broadway, Suite 330
Albany, NY 12207

Re:     JOHN C. SZUMOWSKI
Case No.    10-12431-rel

Dear Judge Littlefield:

By this correspondence, I am requesting that the Court schedule a discovery conference to discuss the parameters of the Stipulation surrounding the forensic testing. As the Court will recall, at the last conference, your Honor indicated that the Secured Creditor was entitled to have its lien protected and that any documentation should be completed before the testing began. On October 26, 2011, my office sent a proposed Stipulation, attached hereto, to Debtor's Counsel outlining the procedures that the Secured Creditor proposed to be put in place with respect to the testing. As I was out of the office, Debtor's Counsel contacted my assistant and advised our office that not only would he not accept our proposed Stipulation for Forensic Testing, but that he also would not attempt to modify. Furthermore, Debtor's Counsel threatened to file a Motion for Sanctions and Contempt. Though I was out of the office, my managing attorney, Amy Polowy, attempted to contact Debtor's Counsel via telephone and electronic mail to discuss this matter and has not received any response.

Based on the foregoing, I request that the Court schedule a conference to discuss this matter.

Very truly yours,

STEVEN J. BAUM, P.C.

*Natalie A. Grigg*

By:    Natalie A. Grigg, Esq.

cc:    Ronald J. Kim, Esq.

Enc.

UNITED STATE BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

JOHN C. SZUMOWSKI,

Debtor.

Chapter 13
Case No. 10-12431

Hon. Robert E. Littlefield
U.S. Bankruptcy Judge

## STIPULATION AND ORDER REGARDING FORENSIC TESTING

It is hereby stipulated and agreed, by and between counsel for the Debtor, John C. Szumowski ("Debtor") and Bank of America successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("Secured Creditor") in the above referenced matter that:

WHEREAS, on or about March 16, 2011, the Debtor served a Request for Inspection and Forensic Testing of Original Documents; and

WHEREAS, the Secured Creditor has transferred the Collateral File consisting of the Original Note and Certified Copy of the Original Mortgage (the "Collateral File") to Steven J. Baum, P.C. (the "Baum Firm") to hold pending the outcome of this matter, and

WHEREAS, the Court has determined that the Debtor is entitled to conduct forensic testing and that the Secured Creditor is entitled to have its interests protected, it is hereby stipulated and agreed as follows:

1. On or before October _____, 2011, the Baum Firm shall transfer the Collateral File to McGuire Woods, LLP, 434 Fayetteville Street, Suite 2600, Raleigh, North Carolina 27601("MW Raleigh") to hold on behalf of the Secured Creditor pending the completion of the forensic testing.

2. MW Raleigh will maintain possession, custody, and control of the Collateral File at all times, and agrees to make available and transport the Collateral File to the Debtor's forensic consultant for testing and/or sampling.

3. On October _____, 2011, a representative of MW Raleigh shall transport the Collateral File to Federal Forensic Associates, Inc., 7425 Capstone Drive, Raleigh, North Carolina. The representative of MW Raleigh shall be present during the forensic testing. At the end of the business day, MW Raleigh shall transport the Collateral File to the address set forth above until such time as the Debtor's forensic consultant may request further access to the Collateral File.

4. The Debtor agrees to provide 2 business days' notice to MW Raleigh in the event the Debtor's forensic consultant requires further access to the Collateral File in order to perform additional testing and/or sampling.

5. The Secured Creditor is entitled to have a representative present during all phases of the forensic testing.

6. The Parties agrees that MW Raleigh shall maintain possession, custody, and control of the Collateral File until such time as the forensic testing is complete.

7. Attached hereto as Exhibit A is a true and accurate copy of the Original Note. A certified copy of this Stipulation and the attached true and accurate copy of the Original Note may be recorded in the Office of the County Clerk for the County of Schenectady. If the Original Note is damaged or destroyed in the course of the forensic testing, a certified copy of the Stipulation recorded in the Real Property Records of Schenectady County, New York shall be deemed to be the original of the Note for all purposes.

8. If the Original Note is lost, damaged, or destroyed during the forensic testing, a certified copy of the Stipulation, either from the Real Property Records of Schenectady County, New York or from the Clerk of the United States Bankruptcy Court shall be deemed the best evidence for purposes of trial and the Debtor agrees that said copy shall be admissible.

9.  This stipulation shall survive the dismissal, completion, or conversion of the instant bankruptcy case.

Dated: _____
      Saratoga Springs, NY

_____
Ronald J. Kim, Esq.
Attorney for Debtor
The Law Offices of Ronald J. Kim
P.O. Box 318
Saratoga Springs, NY 12866

Dated: _____
      Amherst, NY

_____
Natalie A. Grigg, Esq.
Attorney for Secured Creditor
STEVEN J. BAUM, P.C.
220 Northpointe Parkway, Suite G
Amherst, New York 14228