**SO ORDERED.**

**SIGNED this 01 day of November, 2011.**

_____
**ROBERT E. LITTLEFIELD, JR.**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

UNITED STATE BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:                                          Chapter 13
                                                Case No. 10-12431
          JOHN C. SZUMOWSKI,

                                                Hon. Robert E. Littlefield
                    Debtor.                     U.S. Bankruptcy Judge
_____

## STIPULATION AND ORDER REGARDING FORENSIC TESTING

It is hereby stipulated and agreed, by and between counsel for the Debtor, John C. Szumowski ("Debtor") and Bank of America successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("Claimant") in the above referenced matter that:

WHEREAS, on or about March 16, 2011, the Debtor served a Request for Inspection and Forensic Testing of Original Documents; and

WHEREAS, the Claimant has transferred the Collateral File consisting of the Original Note and Certified Copy of the Original Mortgage (the "Collateral File") to Steven J. Baum, P.C. (the "Baum Firm") to hold pending the outcome of this matter, and

WHEREAS, the Court has determined that the Debtor is entitled to conduct forensic testing and that the Claimant is entitled to have its interests protected, it is hereby stipulated and agreed as follows:

1.      On or before October 31, 2011, the Baum Firm shall transfer the Collateral File to McGuire Woods, LLP, 434 Fayetteville Street, Suite 2600, Raleigh, North Carolina 27601("MW Raleigh") to hold on behalf of the Claimant pending the completion of the forensic testing.

2.      MW Raleigh will maintain possession, custody, and control of the Collateral File at all times, and agrees to make available and transport the Collateral File to the Debtor's forensic consultant for testing and/or sampling.

3.      All Parties agrees that MW Raleigh shall maintain possession, custody, and control of the Collateral File until such time as the forensic testing is complete.

4.      On November 3, 2011, a representative of MW Raleigh shall transport the Collateral File to Federal Forensic Associates, Inc., 7425 Capstone Drive, Raleigh, North Carolina.  The representative of MW Raleigh shall be present during the forensic testing.  At the end of the business day, MW Raleigh shall transport the Collateral File to the address set forth above until such time as the Debtor's forensic consultant may request further access to the Collateral File.

5.      The Debtor agrees to provide 2 business days notice to MW Raleigh each time the Debtor's forensic consultant requires access to the Collateral File in order to perform additional testing and/or sampling.

6.      The Claimant is entitled to have a representative present during all phases of the forensic testing.  Claimant or its attorneys will provide a written list of all individuals who were present during the forensic testing to debtor's counsel no later than thirty (30) days after the completion of the forensic testing.

7.      Any representative of MW Raleigh and/or any representative of Claimant that is present during the forensic testing agrees that he/she will not communicate with the Debtor's forensic consultant about the nature, extent, validity, characteristics, or results of the forensic testing outside of the presence of debtor's counsel.

8.      Attached hereto as <u>Exhibit A</u> is a true and accurate copy of the Original Note.  A certified copy of this Stipulation and the attached true and accurate copy of the Original Note may be recorded in the Office of the County Clerk for the County of Schenectady.  If the Original Note is damaged or destroyed in the course of the forensic testing a certified copy of the Stipulation recorded in the Real Property Records of Schenectady County, New York shall be deemed to be the original of the Note for all purposes.

9.      In the event the Original Note is lost, damaged, or destroyed during the forensic testing, a copy of the Stipulation, either from the Real Property Records of Schenectady County, New York or from the Clerk of the United States Bankruptcy Court shall be deemed the best evidence for purposes of trial and the Debtor agrees that said copy shall be admissible.

10.      This stipulation shall survive the dismissal, completion, or conversion of the instant bankruptcy case.

Dated:  __10/31/2011_____          _/s/ Ronald J. Kim_____
       Saratoga Springs, NY                            Ronald J. Kim, Esq.
                                      Attorney for Debtor
                                      The Law Offices of Ronald J. Kim
                                      P.O. Box 318
                                      Saratoga Springs, NY 12866

Dated:  __10/31/2011_____          _/s/ Natalie A. Grigg_____
       Amherst, NY                            Natalie A. Grigg, Esq.
                                        Attorney for Secured Creditor
                                        STEVEN J. BAUM, P.C.
                                        220 Northpointe Parkway, Suite G
                                      Amherst, New York 14228

EXHIBIT 'A'

SZUMOWS-241695R

# NOTE

September 9, 2004                 Latham                 New York
[Date]                           [City]                 [State]

                 2484 RIDGE ROAD                 ,SCOTIA,NY 12302
                                    [Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 125,000.00        (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is Home Funding Finders Inc., The State of New York

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid  I will pay interest at a yearly
rate of      6.1250      %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B)
of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the    1st    day of each month beginning on    November 1, 2004    . I will
make these payments every month until I have paid all of the principal and interest and any other charges described below that I
may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest
before Principal. If, on    October 1, 2034    , I still owe amounts under this Note, I will pay those amounts in full on
that date, which is called the "Maturity Date "
I will make my monthly payments at    12 Century Hill Dr, Latham NY 12110
                                        or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $759.51                 .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a
"Prepayment " When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my
Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the
Principal amount of the Note  If I make a partial Prepayment, there will be no changes in the due date or in the amount of my
monthly payment unless the Note Holder agrees in writing to these changes.

SZUMOWS-241695R                          241695R                                              0

**NEW YORK FIXED RATE NOTE**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

-5N(NY) (0005)          Form 3233 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3          MW 06/00          Initials

610  077895262  N  001  001

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of      15      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      2.0000      % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due  "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

SZUMOWS-241695R                          241695R                                                    0

-5N(NY) (0005)                          Page 2 of 3                          Form 3233 1/01
                                                                              Initials ᴬˢ ᶜ

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
JOHN SZUMOWSKI                    -Borrower         CATHERINE  SZUMOWSKI              -Borrower

_____ (Seal)          _____ (Seal)
                                  -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                  -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                  -Borrower                                          -Borrower

*[Sign Original Only]*

SZUMOWS-241695R                   241695R                                    0

-5N(NY) (0005)                    Page 3 of 3                         Form 3233 1/01

Without Recourse
Pay To The Order Of
Countrywide Document Custody Services, a division of Treasury Bank, N.A.
Home Funding Finders, Inc.
By: Michelle K. Muzzi
Michelle Muzzi – Treasurer

PAY TO THE ORDER OF
COUNTRYWIDE BANK OF
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.
A DIVISION OF TREASURY BANK, NA
BY _____
LAUREN McCoy
VICE PRESIDENT

PAY TO THE ORDER OF
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.
BY _____
David A. Spector
Managing Director

**Pursuant to CPLR 2105 I have compared
this document with the original and found
it to be a true and complete copy.**

Signed: _____

Name: SARAH FEDR, ESQ.